KITCHEN *vs.* MOYE, by his Guardian, &c.

1. Where a bill of exceptions is defective in failing to show that it was signed and sealed in term time as required by the statute, the judge who presided at the trial has no authority in vacation to add to it so as to cure the defect, and if he does so, the act is void.

Error to the Orphans' Court of Baldwin.

Sewall, for the plaintiff.

Jewett, for defendant.

DARGAN, C. J.—At the last term of this court upon the motion of the defendant in error the bill of exceptions in this case was stricken from the record, because it did not appear that it was signed by the presiding judge during the term at which the exceptions were taken, and we then held that we

could not recieve affidavits to show that the bill of exceptions in fact was signed in term time. After this motion was allowed the defendant in error moved for a writ of *certiorari* to bring up a complete record of the cause. This writ was granted, which has been returned, and accompanying it is sent up another transcript which contains a copy of the same bill of exceptions; which, however, bears date showing that it was signed on the day the judgment was rendered in the court below. The certificate of the clerk, however, shows that the bill of exceptions was dated by the judge who presided, after the cause was removed to this court by a writ of error, and the question is whether this act of the judge affixing a date to the bill of exceptions in vacation and after the adjournment of the term at which the judgment was rendered, can be considered a part of the bill of exceptions for the purpose of curing the defect. We feel no hesitation in saying that the judge of the court who presided upon the trial has no further control or authority over the record of the cause after the adjournment of the term than any other individual. He cannot in vacation either add to or detract from it, and any act of his by which an error is cured or one created, is illegal and void. It is true that the statute requiring bills of exceptions to be signed during the term at which the judgment was rendered authorises the judge with the consent of the counsel in writing to sign a bill of exceptions within ten days after the court adjourns, but this portion of the act can have no influence on the question before us, for it cannot be pretended that the bill of exceptions was dated within ten days from the time the court adjourned or that there was any consent given prolonging the time. We must therefore regard the act of the judge in dating the bill of exceptions as illegal and void, and we cannot examine any assignment of error growing out of it.

This view renders it unnecessary to look into the error assigned upon the record sent up with the writ of error, for the transcript returned with the *certiorari* is complete, and the judgment consequently affirmed.