MICHAEL W. NASH *vs.* MINNEAPOLIS MILL COMPANY and another.

April 8, 1878.

Negligence—Landlord and Tenant—Liability of Landlord for Defective Platform in Front of Leased Premises.—The mill company owned a strip of land in Minneapolis lying along near the river, and constructed through it a canal, into which it took water at the upper end and furnished it for water-power to the tenants to whom it rented mill sites on each side of the canal. It rented these mill sites with the right of way across the canal to each tenant. Over this canal, for its entire length and breadth, was constructed a platform of timbers and planks, which was used for over ten years, with the knowledge and acquiescence of the company, by all persons having business with the mills along the sides of the canal, in the same way as a public thoroughfare is used. Morrison was the company's tenant of a mill site abutting on the canal, and a sub-tenant of his constructed a part of the platform opposite the premises sublet. This sub-lease expired, leaving Morrison in possession under the lease to him of the mill site let to him by the company. *Held*, that as to all persons going upon this platform to transact business with mills along the canal, it was the duty of the company, and not of Morrison, to use ordinary care and diligence to keep the platform.

This was an action to recover damages of the Minneapolis Mill Company and their tenant Dorilus Morrison for alleged negligence in the construction and maintenance of a bridge or platform across a canal owned by the defendant company, and situated in front of the premises leased to Morrison. The cause was tried in the district court for Hennepin county by *Young*, J., and a jury, and was dismissed upon motion of defendants upon the ground that the plaintiff had failed to make out a cause of action. The plaintiff moved for a new trial, and this motion having been denied, he appealed to this court.

*Lochren, McNair & Gilfillan,* for appellant.

This case presents two questions: *First*, was the plaintiff wrongfully upon the platform? *second*, were the defendants, or either of them, bound to keep the platform in repair? Now it appears from the evidence that the platform over the canal adjoined a public thoroughfare, and was so constructed and

kept open as to invite thereon men with their teams having business upon the canal; and it further appeared that the plaintiff was on such platform, in the prosecution of his own business, for the purpose of hauling flour from a mill upon said canal. Under such circumstances the rule is well established, that "the owner or occupant of real property, so far as the use of ordinary care and diligence will enable him to do so, is bound to keep it in such condition that it will not, by any insecurity or insufficiency for the purpose to which it is put, injure any adjoining owner or occupant, or any lawful passer-by;" that "he is bound, also, to use ordinary care and diligence to keep the premises in a safe condition for the access of persons who come thereon by his invitation, express or implied, for the transaction of business, or for any other purpose beneficial to him; or," that "if his premises are in any respect dangerous, he must give such visitors sufficient warning of the danger to enable them, by the use of ordinary care, to avoid it." And it would further appear that "this rule is especially applicable to an owner of real property who receives compensation for its use, as, for example, in the case of a wharf owner who receives payment for the use of his wharf. And," further, that "in such cases persons using the property in the manner in which it was intended to be used have a right to presume that it is in a fit condition for such use, and are not guilty of contributory negligence in failing to anticipate and protect themselves against defects in the property of which they were not warned." Sher. & Redf. on Neg. § 498. Thus, by the way of illustration, the New York court of appeals have held that an owner of land who expressly or impliedly invites persons to come on his premises, is liable for an injury which results from a snare existing on the land, to one who uses ordinary care in going thereon. *Beck* v. *Carter,* 68 N. Y. 283. The plaintiff, therefore, was rightfully upon the platform, and had a right to assume that the same was of sufficient strength and in good repair; and it was also incumbent upon one or other, or both of the defendants to

keep the platform safe and in good repair, or else to close it up or otherwise warn the public of its unsafe condition.

The company is liable because it retained possession of the canal and permitted the platform to be constructed across the same, and Morrison is liable because the platform was built in front of the premises occupied by him, and it thereby became incumbent upon him to keep the same in a safe condition. *Swords* v. *Edgar,* 59 N. Y. 28; *Clancy* v. *Byrne,* 56 N. Y. 129; *Driscoll* v. *N. & R. L. & C. Co.* 37 N. Y. 637.

There is certainly no other person upon whom any liability can rest, because no one else had any rights or duties in respect to the safe condition or repair of the platform; and, therefore, if neither one nor both of these defendants be held liable, the plaintiff has sustained a grievous personal wrong, for which the law fails to supply a remedy.

*Shaw & Levi,* for respondent, the Minneapolis Mill Company.

Even if the mill company leased to Morrison the right of way across the canal, and the construction of the platform was essential to the enjoyment of that right, still it does not follow that the company were responsible if Morrison built a defective platform. The tenant built the platform for his own benefit, and the landlord had no right to dictate how it should be built, or in what manner it should be maintained. Taylor's Landlord and Tenant, (2d Ed.) § 175; *Saltonstall* v. *Banker,* 8 Gray, 195; *Owings* v. *Jones,* 9 Md. 108. Again, the tenant is *prima facie* liable for the defective repair of the leased premises, and the landlord is only responsible where he has contracted to make the repairs, or has been guilty of misfeasance. *Nelson* v. *L. B. Co.* L. R. 2, C. P. 311; *Payne* v. *Rogers,* 2 H. Bl. 349; *Todd* v. *Flight,* 9 C. B. (N. S.) 377; *Russell* v. *Shenton,* 3 Q. B. 349; *Pretty* v. *Buckmore,* L. R. 86, C. P. 401; *Gwinnell* v. *Eamer,* L. R. 10, C. P. 631; S. C. 14 Moak's Eng. Rep. 492; *Gwathney* v. *L. M. R. Co.* 12 Ohio, St. 92; *Pickard* v. *Collins,* 23 Barb. 444; *Taylor* v. *Mayor,* 4 E. D. Smith, 559; *Kahn* v. *Love,* 3 Oregon, 206; *Mayor* v. *Corliss,* 2 Sandf. 301.

*Bradley & Morrison,* for respondent Morrison.

GILFILLAN, C. J. On the trial below, after the plaintiff had closed his case, the court dismissed the action as to both defendants, on the ground that plaintiff had failed to make out a cause of action.

There was evidence sufficient to go to the jury, from which they might have arrived at these conclusions of fact. The mill company owns, in the city of Minneapolis, a strip of land lying along the westerly bank of the Mississippi river, partly above and partly below the falls. Some years ago it constructed, for convenience in using this property for milling purposes, a canal about eighty feet wide at the upper end, and diminishing in width toward the lower end, extending through the strip nearly parallel with the river for the distance of probably one thousand feet. Into this canal the water was taken at the upper end from the pond above the falls, and from the canal was furnished for water-power to the mills along its sides. The land along each side of the canal was let by the company to various tenants for mill sites, and to each tenant a right of way over the canal to the premises so let, granted. The canal for its entire length and breadth was covered with a continuous platform, constructed of timbers and plank, and this platform was, for at least ten years, and with the full knowledge and acquiescence of the defendants, used in common by all who had business with the mills along the canal, in the same manner as a public thoroughfare is used, and that use of it was necessary to the convenient transaction of the business of the mills.

As to that part of the platform where the injury to plaintiff's property occurred, the facts are, that in 1863 the mill company let to the defendant Morrison for a term of years a mill site abutting on the canal, with the right to draw from the canal a specified quantity of water, and the right to pass over the canal adjacent to the mill site. In 1865 Morrison let a part of this mill site, with the right of way in common with himself over the canal, to Noble and Walker. Noble

assigned to Walker, and Walker to Stamivitz and Schober, and they, during the continuance of this lease, constructed in front of the premises let to them the part of the platform in question. Since the end of Stamivitz and Schober's term, Morrison has been in possession under the lease to him of all the premises so leased. In August, 1876, plaintiff, who was hauling for the mill adjoining these premises, drove his team and halted it for the purpose of loading, upon this part of the platform, and while standing there the platform broke, letting his horses and wagon down into the canal, causing the injury complained of. There was evidence from which the jury might find that there was negligence in failing to keep the platform in safe condition, and that this negligence was the cause of the break. Neither of these defendants having constructed this part of the platform, the question is whether, in respect to persons coming upon it as plaintiff did, the duty of keeping it in safe condition rested upon the defendants, or either of them, and if so, upon which of them.

The rule of law governing the case is that the owner or occupant of real property is bound to use ordinary care and diligence to keep the premises in a safe condition for the access of persons who come thereon by his invitation, express or implied, for the transaction of business, or for any other purpose beneficial to him. Morrison was neither the owner nor the occupant of the canal, or the platform over it. He had merely the right of way over it in common with all others to whom the company might, so long as it did not prevent the exercise of his right, grant similar rights. The lease of the mill site gave him no other right. The case of the company is different. The land through which the canal was cut was, including the canal, and so far as the case shows the platform covering it, real estate, and the exclusive property of the company, which it held subject only to the rights of way over it, which it had granted to others, and, subject to such rights, it was in possession of this real property. Plaintiff had a right to go upon the platform in transacting business with or

for the tenants of the company occupying the mill sites along the sides of the canal. Whether the company itself constructed the platform, or permitted others to construct it, the platform was placed there, and by the company was permitted to remain there for the use of persons transacting business with those mills, and for the convenient using of the company's property. Without the right of such persons to go there this property would undoubtedly be of much less value, and that the company permitted the platform to remain there, to be used by such persons for its own benefit and advantage, there can be no question. It stands, then, in the position of an owner or occupant who for his own benefit invites others to come upon his premises, and is subject to the same liability. The court below was wrong in dismissing as to the company, and right in dismissing as to Morrison. We do not refer in detail to the decisions of the court below excluding evidence offered by plaintiff; they were all erroneous. It was proper to show the character and history, and use of the entire platform covering the canal, and all the acts of ownership and control over it, or over the canal, on the part of the company.

The order appealed from is affirmed as to defendant Morrison, and reversed, and a new trial ordered, as to the defendant the Minneapolis Mill Company.