Miller, J.
 

 The defendant is the owner of a two-flat apartment house located on the east side of Quail street in the city of Albany. The plaintiff’s son occupied the lower apartment and another tenant the upper. On the 19th of April, 1911, as the plaintiff, who had been visiting her daughter-in-law, was leaving the premises she stepped to one side and against the piazza failing to look over; the railing, which was unfastened, fell with her to the ground. This action is brought for personal injuries alleged to have been sustained as the result of the fall. The serious question in the case is whether the jury was properly instructed and that depends on whether the railing which fell was a part of the premises demised to either of the tenants or whether it remained in the possession and control of the landlord.
 

 The entrance to the two apartments from the street was by steps to the piazza, thence through a door to a common vestibule, from which different doors led to the different apartments. The vestibule was within about four feet of the north end of the piazza and the railing which fell. The north side of the steps leading to the piazza was about three feet from the north railing. A door within and to the left of the vestibule led to a stairway on the north side of the house, leading to the upper apartment. The stairway was lighted by a window looking out upon the north end of the piazza. The railing which fell was immediately below and to the north of the
 
 *236
 
 window. The precise terms of the leases to the two tenants were not proven. The upper tenant testified that he had his own private piazza and that he used the north end of the lower piazza from the doorway in common with the lower tenant. The plaintiff’s son knew that the piazza railing had not been fastened. The learned county judge charged the jury that the plaintiff could not recover if her son, the tenant, knew when he hired the premises, or before or at the time of the accident, that the railing was not in proper condition, but that, if he did not have knowledge of any defect, the plaintiff was entitled to recover if the accident was due to the negligence of the defendant, and she was not guilty of contributory negligence. He also charged: “ There is no testimony in this case which shows that the plaintiff was injured upon what'could be called a common passageway.”
 

 We are of the opinion that it was at least a. question of ■fact whether the north end of the piazza remained in the possession and control of the landlord. The nearness of the railing to the steps and to the door leading into the vestibule, its location with reference to the window and private stairway belonging to the upper apartment, and the unavailability of the north end of the piazza for the exclusive use of the lower tenant, were facts which, con: sidered with, the testimony of the upper tenant, required the submission of the question to the jury. The landlord owed a duty not only to the tenants, but to strangers lawfully visiting the premises, to maintain the part remaining in her control in a reasonably safe condition. The obligation to strangers was the same as, and no greater than, the obligation to tenants.
 
 (Hilsenbeck
 
 v.
 
 Guhring,
 
 131 N. Y. 674.) But that does not mean that any defense available against a tenant would also be available against a stranger lawfully visiting the tenant, as for example, that the tenant knew of, and consented to, the defective condition.
 

 There was no such relation between the tenant and the
 
 *237
 
 visitor as would make the latter chargeable with the knowledge of the former. It has been said that the landlord’s duty in such a case grows out of the contract with the tenant.
 
 (Coupe
 
 v.
 
 Platt,
 
 112 Mass. 458.) In a sense that is true. But if the duty depended upon contract, a mere visitor could not recover for the violation of it. There was no contract relation between the plaintiff and the tenant or between her and the landlord. The latter’s duty was not a contract duty, but arose from the fact that she retained possession of and maintained a part of the premises for the use in common of her tenants and other persons rightfully .there. Her obligation was to maintain in a reasonably safe condition the part of which she retained control, and she owed that obligation to whoever lawfully used that part for the purpose for which it was maintained.
 

 The instruction was, therefore, erroneous and the exception to if requires a reversal of the judgment and the granting of a new trial, with costs to abide event.
 

 Willard Bartlett, Oh. J., Hiscock and Cardozo, JJ., concur; Chase .and Cuddeback, JJ., dissent; Collin, J., not voting.
 

 Judgment reversed, etc.