(80 South. 169)

MALONEY et al. v. SMITH et al. (6 Div. 437.)

(Court of Appeals of Alabama.  Nov. 12, 1918.)

1. TRESPASS ☞43(2) — DEFENSES — PROOF UNDER GENERAL ISSUE.

In trepass quare clausum fregit, the defenses of possession of the locus in quo and of liberum tenementum may be proven under the general issue.

2. APPEAL AND ERROR ☞1040(7) — HARMLESS ERROR — SUSTAINING DEMURRER TO PLEAS.

Where defendant in trespass quare clausum fregit had the full benefit of pleas under the general issue, if sustaining a demurrer to such pleas was error, it was without injury to defendant.

3. EVIDENCE ☞460(3) — PAROL EVIDENCE —AMBIGUITY IN LEASE — DESCRIPTION OF PROPERTY.

The description of property in a lease being doubtful, parol evidence is admissible to make it certain.

4. LANDLORD AND TENANT ☞132(2)—VIOLATION OF POSSESSION OF PARTNERS BY LESSOR.

Fact that original contracting tenant took another into partnership in business run on leased premises did not entitle lessor to general charge when sued by partnership for trespass quare clausum fregit, one taken into partnership by original lessee having been in possession jointly with him.

5. LANDLORD AND TENANT ☞76(2)—LEASE —CONDITION AGAINST SUBLETTING—VIOLATION BY FORMATION OF PARTNERSHIP.

Formation of a partnership by an original lessee was not such a subletting as to violate condition in lease against subletting.

6. TRIAL ☞240 — ARGUMENTATIVE INSTRUCTION.

In trespass quare clausum fregit by tenants against their landlord, charge held properly refused as argumentative.

7. LANDLORD AND TENANT ☞132(2) — INSTRUCTION—GENERAL CHARGE.

In trespass quare clausum fregit by tenants against their landlord, requested charge held properly refused as in effect the general charge for defendant.

8. LANDLORD AND TENANT ☞132(2)—TRESPASS QUARE CLAUSUM FREGIT—EXEMPLARY DAMAGES—QUESTION FOR JURY.

In trespass quare clausum fregit by tenants against their landlord, facts being before jury, it was for them to say whether trespass was so wantonly or recklessly done as to justify finding of exemplary damages, and instruction against awarding them was properly refused.

9. APPEAL AND ERROR ☞273(5)—EXCEPTION TO GENERAL CHARGE.

Unless an exception to the court's general charge was specifically addressed to that part

---

which the appellant claims as error, it was not so taken as to authorize consideration by the appellate court.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action for trespass quare clausum fregit by E. P. Smith and Frank Krelhaus against H. N. Maloney and the McConnell-Anglin-White Realty Insurance Company. From judgment for plaintiffs, defendants appeal. Affirmed.

The complaint alleges, in effect, that plaintiffs were in possession of certain premises in the city of Birmingham, which premises were being used by them as a restaurant, and that defendants entered and destroyed a part of the premises, and rendered egress and ingress from the rear impossible, and obstructed and cut off the light and air. The pleas, in substance, were that the lease covered only the building and did not cover the vacant lot adjacent thereto in the rear, and that Maloney before making the lease had contracted to have a building built on the back lot which would obstruct and close the door of the building leased to said Smith, all of which Smith knew at the time of the execution of the lease. The other pleas set up that the acts were done with plaintiff's leave.

The following charges are referred to in the opinion as refused to defendant:

(8) The court instructs the jury that whether defendant Maloney did or did not comply with that provision of the contract between him and Smith providing that said Maloney should have a flue built in the rear of the building for an exhaust fan is not involved in this suit, and, even if you should find that Maloney did not comply with that provision of said contract, you would not be authorized to find a verdict for plaintiffs on that count.

(9) If the jury believe all of the evidence in this case, defendants had the right to build a brick building on the land in the rear of and adjacent to the premises leased to plaintiffs, and to erect a brick wall immediately against the rear of all said premises leased to plaintiffs, and the erection of said wall, and the closing of the door and openings in the rear of the premises leased to plaintiffs, thereby did not constitute any wrongs to or against plaintiffs, and plaintiffs are not entitled to recover of defendants any damages on account of the erection of the wall, and the closing of said door and openings thereby.

(13) An instruction against awarding punitive damages.

N. A. Graham, Jr., of Birmingham, for appellants.

Beddow & Oberdorfer, of Birmingham, for appellees.

SAMFORD, J. [1, 2] In actions of trespass quare clausum fregit, the defenses of possession of the locus in quo and of liberum tenementum may be proven under the general issue. L. & N. R. R. Co. v. Hall, 131 Ala. 168, 32 South. 603, opinion on rehearing; Southern Ry. Co. v. Hayes et al., 183 Ala. 465, 62 South. 874. The foregoing disposes of assignments of error 4, 5, 6, 7, 8, 9, 10, and 11. Besides, it is shown by the bill of exceptions that the defendant had the full benefit of these special pleas under the general issue, and therefore, if the sustaining of the demurrer was error (which we do not hold), it was without any injury to the defendant.

[3] Assignment of error No. 12 is grounded on the refusal of the court to give the general charge as requested by the defendant. Assuming that the charge as requested is properly framed, the facts establishing the rights of the parties were in conflict. The description of the premises as written in the lease, under which the plaintiff held, was: "No. 2009 Second avenue, being the east part, that in now partitioned off." Attached to this east part was a brick structure, which opened into the main room and was used in connection with the business, both by the plaintiff and the prior tenant. Plaintiff insisted that this was a part of the leased premises, and the defendant contra. Parol evidence was introduced pro and con. If the description of the property in a lease is ambiguous or doubtful, parol evidence is admissible to make it certain. 24 Cyc. 916; Ala. Mut. Fire Ins. Co. v. Minchener, 133 Ala. 632, 32 South. 225.

[4, 5] The fact that Smith was the original contracting tenant and subsequently took Krelhaus into partnership in the business did not entitle defendant to the general charge. Krelhaus was the owner of a one-half interest in the restaurant business being done in the house, was a partner with Smith, and was therefore jointly with Smith, in possession of the leased premises. Nor was the formation of this partnership such a subletting of the premises as to violate a condition in the lease against subletting. 24 Cyc. 962.

The foregoing also disposes of assignments 13, 14, and 15.

[6] Charge No. 8, made the basis of assignment No. 16, is argument and was properly refused.

[7] Charge No. 9 was in effect the general charge for the defendant. As had already been pointed out, the defendants were not entitled to this, and its refusal was not error.

[8] Charge No. 13 as requested by the defendant was properly refused. The facts were all before the jury, and it was for them to say whether the trespass was so wantonly or recklessly done as to justify the finding of exemplary damages. Devaughn v. Heath, 37 Ala. 595; L. & N. R. R. v. Smith, 141 Ala. 335, 37 South. 490; Jackson v. Bohlin, ante, p. 105, 75 South. 697.

[9] Unless an exception to the court's general charge is specifically addressed to that part of the charge which the appellant claims

is error, the exception is not so taken as would authorize the appellate court to consider it. Jordan v. Smith, 185 Ala. 591, 64 South. 317.

There was ample evidence to justify the jury in finding for more than nominal damages, and hence assignment of error No. 20 is not well taken.

The rulings of the court on the evidence were without error.

There is no error in the record, and the judgment is affirmed.

Affirmed.