ROSE JAMESON, Respondent, *v.* KEYSTONE WAREHOUSE COMPANY and Another, Appellants.

Fourth Department, July 1, 1924.

Negligence — action against owner of building and tenant of part of first floor and entire second floor for injuries suffered by plaintiff when freight elevator was started suddenly — tenant's offices on second floor were reached by way of first floor and stairs in rear thereof — no defined way through first floor to stairs — plaintiff, customer of tenant, started to cross freight elevator platform when elevator was started by some one on second floor — owner was bound to keep premises in safe condition for access to second floor — tenant not liable — error to charge that tenant had duty to provide safe means of access — person starting elevator was not employee of tenant.

The owner of a building who leases a part of the first floor and the entire second floor is liable for injuries suffered by a customer of the tenant where it appears that the offices of the tenant on the second floor were reached by a stairway in the rear of the first floor; that there was no defined passageway leading to the stairway; that occasionally the customers of the tenant crossed the platform of the freight elevator when it was standing at rest on the first floor; and that the plaintiff, while crossing the platform of the freight elevator in order to reach the stairway was injured when the elevator was suddenly started by some one on the second floor.

It was the duty of the owner who was in control of that portion of the building which was used as a passageway to the stairs to use ordinary care to keep the premises in a safe condition for the access of persons coming thereon by invitation, express or implied.

The tenant is not liable for the injuries suffered since it was not the occupant of the passageway nor in control thereof, and it was error for the court to charge that the tenant had a duty to its customers to provide safe premises and to furnish a reasonably safe means of approach to its business.

The tenant cannot be held liable on the ground that the elevator was started by an employee since the evidence shows that the person who started the elevator was an independent contractor.

DAVIS, J., dissents in part.

APPEAL by the defendants, Keystone Warehouse Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 2d day of November, 1923, upon the verdict of a jury for $2,750; and also from an order entered in said clerk's office on the 8th day of December, 1923, denying the defendants' motion for a new trial made upon the minutes.

*Dudley, Stowe & Sawyer* [*Franklin D. L. Stowe* and *Harry J. Kelly* of counsel], for the appellant Keystone Warehouse Company.

*Stanley & Gidley* [*Ray M. Stanley* of counsel], for the appellant Marshlow Corporation.

*McIntyre, Wilkie & Swartz* [*Bernard Swartz* of counsel], for the respondent.

CROUCH, J.:

The Keystone Warehouse Company owns and operates a warehouse in the city of Buffalo. The Marshlow Corporation was lessee of a portion of the first floor and the entire second floor of the warehouse building. It maintained an office on the second floor where it did business with its customers. Access to the second floor was by means of a small stairway at the rear of the building. There was no defined passageway leading to the foot of the stairway. The first floor was not subdivided. It consisted of one big room, broken by several rows of concrete pillars. About twenty feet from the front was the shaft of a large freight elevator. The entire front of the first floor was open during business hours. A landing platform outside the building extended the entire width thereof. A person going to the second floor from the landing platform could walk to the foot of the stairway across any part of the area unoccupied by goods. The ordinary way appears to have been to the left of the elevator shaft. There is evidence that when the elevator was at rest on the first floor, the guards at front and rear were up, and persons sometimes crossed the elevator on the way to the stairway.

Plaintiff, a customer of the Marshlow Company, on her way from the front of the building to the stairway, was crossing the elevator platform, at rest on the first floor, when it was suddenly started from above, throwing her off and injuring her. She has a verdict against both defendants.

The judgment against the Keystone Warehouse Company must be affirmed. It was the owner of the premises, and the occupant in control of that portion thereof which was used as a passageway to the stairs. It was bound to use ordinary care to keep those premises in a safe condition for the access of persons coming thereon by invitation, express or implied. (*Loucks* v. *Dolan*, 211 N. Y. 237; *Sciolaro* v. *Asch*, 198 id. 77; 3 S. & R. Neg. [6th ed.] § 704.)

Whether the Keystone Warehouse Company had used such care and whether the plaintiff had herself been negligent were, on all the evidence, questions of fact for the jury.

The judgment against the Marshlow Corporation must be reversed. The court charged the jury that the " Marshlow Corporation owed a duty of care to its customers in seeing that the premises were safe; " and further that " the Marshlow Corporation was charged with some duty to see that there was a reasonably safe means of approach to its place of business and an exit therefrom."

We think this was erroneous. The Marshlow Corporation was not the occupant, nor was it in control of that portion of the first floor used as a passageway for access to the stairs. It, therefore, owed no duty of care to keep the premises in a safe condition. (*Loucks* v. *Dolan, supra; Nash* v. *Minneapolis Mill Co.*, 24 Minn. 501; *Readman* v. *Conway*, 126 Mass. 374.)

It appears from the evidence that the elevator was started from the second floor by one Kaufman, who did trucking for the Marshlow Corporation. Had Kaufman been an employee, the master might have been liable for his act. But the evidence shows pretty clearly that he was an independent contractor, although the court refused to so charge as matter of law. However, there is evidence that the elevator on previous occasions had thus been started by Kaufman and by other third parties. It may be that if the Marshlow Corporation knew or ought to have known of this practice, and failed to exercise reasonable care to stop it, as a result of which plaintiff was injured, liability could be cast upon it. (*Hogle* v. *Franklin Manufacturing Co.*, 199 N. Y. 388.) Or it may be that a duty to warn its own invitees of a dangerous situation known to it rested on the Marshlow Corporation; and that liability might be predicated upon a failure to warn. (*Smith* v. *Lederer*, 157 Wis. 479; 3 S. & R. Neg. [6th ed.] § 704.) But it is not necessary now to so hold.

The judgment and order appealed from should be affirmed, with costs as to the defendant Keystone Warehouse Company, and reversed on the law and a new trial granted, with costs to abide the event, as to the defendant Marshlow Corporation.

All concur, except DAVIS, J., who dissents only as to the reversal of the judgment as to the Marshlow Corporation and votes for affirmance as to both defendants.

Judgment and order affirmed, with costs as to defendant Keystone Warehouse Company. Judgment and order reversed on the law as to the defendant Marshlow Corporation and a new trial is granted as to said defendant, with costs to it to abide the event.