DAVID ADRESS and Another, as Administrators, etc., of BERTHA ADRESS, Deceased, Appellants, *v.* NICHOLAS MORMANDO, Defendant, Impleaded with REGENT CONSTRUCTION CO., INC., Respondent.

First Department, March 8, 1935.

*Samuel Hart* of counsel [*Charles Levy*, attorney], for the appellants.

*Clarence Zipp* of counsel [*James B. Henney*, attorney], for the respondent.

UNTERMYER, J. Plaintiffs' intestate, employed by one of the tenants in a factory building owned and operated by the defendant, respondent, was crushed and killed by a motor truck passing through an arcade or driveway constructed in the building. At the time of the accident she was standing on a narrow walk or ledge, adjacent to the driveway in the arcade. From evidence offered by the plaintiffs the jury could have found that during the noon hour the factory workers employed in the building were accustomed to occupy both the walks and the driveway with the consent of the owner of the premises. There was evidence that during that hour vehicles were ordinarily excluded from the arcade and that in the past when it had been necessary for a vehicle to leave the building it was preceded by an employee of the building who would warn persons in a position of danger. There was also evidence that on the occasion of this accident, which occurred during the noon hour, no such warning was given. Under these circumstances, if the jury found that plaintiffs' intestate was in the position which she occupied with the implied consent of the owner, the question whether that defendant had discharged its duty to exercise ordinary care for her protection should have been submitted to the jury as an issue of fact. (*Meisle* v. *N. Y. C. & H. R. R. R. Co.*, 219 N. Y. 317; *Jameson* v. *Keystone Warehouse Co.*, 210 App. Div. 212.) (See, also, *Wolcott* v. *N. Y. & L. B. R. R. Co.*, 68 N. J. L. 421; *Zwickl* v. *Broadway Theatre Co.*, 103 id. 604.)

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

McAvoy and O'Malley, JJ., concur; Martin, P. J., and Merrell, J., dissent and vote for affirmance.

Merrell, J. (dissenting). Plaintiffs brought this action, as administrators of Bertha Adress, deceased, to recover damages resulting from the death of decedent caused by the negligence of the two defendants. The trial here under review was with reference to the defendant Regent Construction Co., Inc. Prior to the trial of this action, the action brought by plaintiffs against Nicholas Mormando was settled by payment of $5,000. The defendant, respondent, Regent Construction Co., Inc., was the owner of a factory located at Seventh avenue and running from Twenty-eighth street to Twenty-ninth street. In the rear of the defendant's building there was a covered alleyway extending from Twenty-eighth street to Twenty-ninth street. This alleyway was to accommodate vehicular traffic and also pedestrians. The alleyway was owned and controlled by the corporate defendant. Plaintiffs' intestate, twenty-two years of age, was employed, at the time of the accident which resulted in her death, by a tenant in the building. She was a finisher of fur coats. The photographs introduced in evidence, particularly defendant's Exhibit A, clearly show the alleyway in question, beside the bank of elevators for the use of employees of the factory, and also for the purpose of lifting freight. Along the westerly side of this alleyway there extended its entire length a sidewalk five feet in width. As this alleyway approached Twenty-ninth street there was a short stairway of three or four steps and the sidewalk continued then to a door opening onto Twenty-ninth street. This sidewalk was clearly designed for the use of employees in the defendant's factory building. A driveway was separated from the sidewalk in the alleyway by a raised metallic-top curb. On the opposite side of the driveway there was a narrow abutment or curb preventing vehicles in passing through the alleyway from striking the brick wall and pilasters on the easterly side. This little abutment is referred to by plaintiffs, appellants, as the " little sidewalk." It very clearly appears from the photographs that the abutment was never intended as a sidewalk, and at points where it passed by the pilasters on the east side of the alleyway there was no room whatever for one to pass.

On the day of the accident, at about twenty minutes past twelve o'clock noon, plaintiffs' intestate, together with several companions, employees of the tenant in the defendant's building, had descended by the elevators and gone into the alleyway and out onto Twenty-ninth street for the purpose of getting some air. They returned

shortly thereafter, and one of the companions of plaintiffs' intestate testified that the door westerly of the alleyway leading out from the sidewalk along its side into Twenty-ninth street was locked, and that, therefore, they were obliged to enter the alleyway through the main doors of the driveway. The testimony, uncontradicted, was to the effect that as soon as they were in the driveway there was nothing to interfere with their going upon the five-foot sidewalk on its westerly side. However, the testimony is that plaintiffs' intestate and a companion by the name of Beckie Rifkin, when they entered the driveway, took up positions on the curb or narrow abutment, erroneously denominated by counsel for plaintiffs, appellants, as the " little walk," and there engaged in a conversation with their foreman; that as they were talking, a truck, driven by an employee of the defendant Nicholas Mormando, came along and the overhang of the truck struck plaintiffs' intestate and crushed her against the side of the doorway, causing injuries from which she died almost immediately. At the trial, plaintiffs contended that the corporate defendant, the owner of the building, was negligent in failing to warn plaintiffs' intestate of the approach of the truck in question, and that the defendant, respondent, maintained a dangerous condition rendering it liable for its negligence. At the close of the plaintiffs' case the justice before whom the action was tried dismissed the complaint on motion of defendant's trial counsel, on the ground that no negligence on the part of the defendant, respondent, had been proven. We think the justice was entirely correct in holding that no actionable negligence had been established sufficient to hold the defendant, respondent. The defendant, respondent, had provided a safe and proper way for the employees in the building to reach Twenty-ninth street, or, for that matter, Twenty-eighth street, as a five-foot sidewalk extended from Twenty-eighth street to Twenty-ninth street on the westerly side of the alleyway. Plaintiffs insist that their intestate was an invitee on the premises. We do not think the evidence disclosed that she was an invitee. At most, at the point where she was at the time she was struck she was a mere licensee to whom the defendant, respondent, owed no duty of active vigilance. The evidence on the part of the plaintiffs very clearly established the negligence of the driver of the truck of the defendant Mormando, but there was no evidence showing any negligence on the part of the defendant. At the time plaintiffs' intestate received her injuries she was not on the sidewalk provided by the defendant, respondent, for the use of the employees. She was standing on the ledge on the easterly side, which was no walk at all, and never designed to be a walk. The evidence would indicate that the plaintiffs' intestate and her companions were

loitering during this noon hour, having completed their luncheon. Indicating that the ledge upon which plaintiffs' intestate stood was never intended to be a walk, there was no outlet therefrom upon Twenty-ninth street. Unquestionably, since plaintiffs' intestate was employed in the building, she was authorized to use the proper means furnished for ingress to and egress from said building. She was not invited to use every possible way for entering or leaving the building. There was certainly no invitation by defendant that she should enter the building through a coal chute or a cellar window. The invitation was that she should enter it in the way provided for that purpose. Plaintiffs' intestate had been employed for a considerable length of time in the building and knew the conditions. There certainly was no implied invitation to her to use the alleyway or the ledge along its easterly side for the purpose of entering the building. There was some evidence, mostly furnished by the witness Rifkin, to the effect that others had stood on the ledge. However, acquiescence by the defendant as to prior loitering by others did not constitute an invitation to plaintiffs' intestate to do likewise. (*Vaughan* v. *Transit Development Co.*, 222 N. Y. 79.) Under the circumstances, we think the defendant owed the deceased no duty of active vigilance. But it is claimed by appellants that no warning was given of the approach of the truck. Such warning, in its essence, involved the exercise of active vigilance on the part of the defendant, respondent. Some evidence was given by the witness Rifkin, who worked by the side of the decedent in the factory and whose testimony is far from convincing and, at times, was short of being frank and honest, that she had seen, on a single occasion, an elevatorman preceding a truck and warning people out of its path. She admitted on cross-examination that she did not know the elevatorman. The witness Rifkin was plaintiffs' star witness. She was asked whether or not there were front elevators in the building, to which she replied in the affirmative, and she was then asked as to whether or not she had attempted to use such elevators, and she stated on one occasion, " They refused." This was the testimony upon which the plaintiffs insisted that the employees could only use the rear elevators. However that may be, ample and safe means were afforded by defendant, respondent, for those leaving the building by the rear elevators to pass into Twenty-ninth street or Twenty-eighth street in a perfectly safe way. Beckie Rifkin was also confused as to the condition of the vehicular door leading into the alleyway from Twenty-ninth street. On one of the days of the trial the Rifkin woman testified, in reply to a question by plaintiffs' counsel, that on prior occasions, between the hours of twelve and one, the rolling door was all the way up. After

recess, and having talked with plaintiffs' trial counsel, this witness changed her testimony and testified that on the prior days the door was drawn partly down. A sign was up near the Twenty-ninth street entrance to the alleyway, with the following legend:

"POSITIVELY
NO FREIGHT RECEIVED
BETWEEN 12 AND 1
OR AFTER 5 P. M."

This, however, did not prevent, and could not prevent, trucks in the alleyway at twelve o'clock noon from leaving the alleyway. Indeed, counsel for the appellants admits that trucks already in the driveway prior to twelve o'clock were permitted to leave between twelve and one, and this is just what the truck which caused the death of plaintiffs' intestate was doing. For that reason, at least, the door was not partly closed.

We think, so far as the plaintiffs' alleged cause of action against the defendant, respondent, is concerned, that the plaintiffs failed to make out a case. We think the court properly dismissed the complaint at the end of plaintiffs' proofs, and that the judgment entered thereon should be affirmed, with costs to defendant, respondent, against plaintiffs, appellants.

MARTIN, P. J., concurs.

Judgments reversed and a new trial ordered, with costs to the appellants to abide the event.