Action to recover damages for personal injuries suffered by the infant plaintiff as the result of tripping over a fallen tree branch while playing, as the guest of a tenant’s child, in the back yard of a two-family house owned by respondent, and by plaintiff father for expenses and loss of services. Judgment dismissing the complaint at the close of plaintiffs’ case reversed on the law, and a new trial granted, with costs to abide the event. Viewed in its most favorable light, the evidence presented questions of fact as to whether the presence of the broken branch created an unsafe condition of which respondent had notice, and whether the yard was under respondent’s control. There was also evidence from which the jury could have concluded that the back yard was used in common by both tenants and that such use was appurtenant to their premises. Walker v. Bachman (268 N. T. 294), relied on by the trial court, was therefore distinguishable. Both v. Prudential Life Ins. Go. of America (266 App. Div. 872), also relied on as authority for dismissing the complaint, involved a one-family house. It was there held that a social visitor to the sole tenant thereof was simply a licensee, who took the premises from that tenant as she found them. In Loucks v. Dolan (211 N. Y. 237) it was held that the owner of a two-family house owed a duty, not only to tenants but also to strangers lawfully visiting the premises, to maintain the part remaining in her control in a reasonably safe condition. (See, also, Murtha v. Ridley, 232 N. Y. 488.) Lewis, P. J., Carswell, Johnston, Adel and Nolan, JJ., concur.