42 So.2d 588

## AL DE MENT CHEVROLET CO. et al. v. WILSON.

### 6 Div. 849.

Supreme Court of Alabama.
Oct. 27, 1949.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellants.

Taylor, Higgins, Koenig & Windham, of Birmingham, for appellee.

LIVINGSTON, Justice.

Action by Mrs. Esther Dorothy Wilson against the defendant partnership and the individual members thereof for personal injuries received by her for negligently delivering to one Roberts an automobile with defective brakes, which negligence was connoted in the single count of the complaint as the proximate cause of plaintiff's injuries.

This is a companion case with that of C. R. Wilson, the husband of this plaintiff, against the same defendants, which arose out of the same automobile collision, and this day decided. Al DeMent Chevrolet Co. v. Wilson, 42 So.2d 585.

The assignments of error on this record present the same questions of law presented in the case of the husband. What was said by Mr. Justice Simpson in the hus-

670

band's case disposes of all errors here assigned save one, the claim that the verdict and judgment for $3,000 is excessive.

In the husband's case this Court has seen fit to reduce the judgment from $2,000 to $1400. That is to say that, unless appellee files with the clerk of this Court a remittitur within thirty days reducing the judgment to $1400, the judgment of the trial court will stand reversed.

We deem it unnecessary in the instant case to set out the evidence concerning plaintiff's injuries, nor the well known rules governing such cases. See, Alabama Great Southern R. Co. v. Baum, 249 Ala. 442, 31 So.2d 366; Florence Hotel Co. v. Bumpos, 194 Ala. 69, 69 So. 566, Ann. Cases 1918E, 252; Central of Georgia R. Co. v. White, 175 Ala. 60, 56 So. 574. Suffice it to say, we have examined the evidence in consultation and are to the conclusion that the verdict here is also excessive, and that the motion for a new trial should be granted unless appellee is willing to remit the sum of $500 of her recovery. A judgment will accordingly be entered that unless appellee files with the clerk of this Court a remittitur within thirty days reducing the judgment to $2500, the judgment of the trial court will stand reversed.

Affirmed conditionally.

BROWN, FOSTER, LAWSON, SIMPSON and STAKELY, JJ., concur.