STATE OF MAINE

*vs.*

PAUL F. GOODCHILD

Androscoggin.    Opinion, June 6, 1955.

*William D. Hathaway,*
*Gaston Dumais,* for State.

*Harold L. Redding,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAPLEY, JJ.

TIRRELL, J.    This case is here on exceptions to the overruling of a demurrer filed in the Superior Court for the County of Androscoggin.

The case originated by complaint in the Municipal Court for the town of Lisbon in the County of Androscoggin. The body of the complaint is as follows:

". . . . on the Fourteenth day of June in the year of our Lord one thousand nine hundred and fifty-three at Lisbon, in said County of Androscoggin, operated a motor vehicle, to wit a passenger automobile in said Lisbon to wit upon the premises of the Ancient York Lodge No. 155 F. & A.M. while under the influence of intoxicating liquor, said premises being located in the village of Lisbon Falls in said Town of Lisbon against the peace of said State, and contrary to the form of the Statute in such cases made and provided."

On this complaint the respondent was arrested and brought before the Judge of the Lisbon Falls Municipal Court. The respondent pleaded *not guilty,* and after the hearing, was adjudged *guilty* by said court and was sentenced to pay a fine of One Hundred Dollars and Costs. Respondent took an appeal from the sentence to the next Term of the Superior Court in September 1953.

At the September 1953 Term of Superior Court held in the County of Androscoggin the respondent came into court and filed a general demurrer in which the respondent reserved the right to plead anew should the demurrer be overruled. The County Attorney for the County of Androscoggin joined in the demurrer and prayed for judgment, asking that said Paul F. Goodchild be convicted of the complaint specified. The presiding justice overruled the demurrer and granted the respondent the right to plead anew.

This is the ruling to which the respondent excepts and the exceptions were allowed by the presiding justice.

As we stated in *State* v. *Schumacher*, 149 Me. 298, at page 300:

"The general rule in criminal cases is that upon an appeal from a magistrate or lower court to the Superior Court the matter comes before the Superior Court for trial *de novo*. This means that the matter comes forward on the complaint and further upon the plea of the respondent, the words *"de novo"* applying to the actual trial of the case. The withdrawal of the plea made in the lower court must be by and with the consent of the presiding justice."

"In the instant case the presiding justice did not directly give to the respondent leave to withdraw his former plea, the county attorney stood by, made no objections to the filing of the demurrer, and as a matter of fact joined it and made that the issue. The presiding justice took before him the merits of the demurrer and ruled thereon. In doing this this court holds that he, the justice presiding, impliedly gave his consent to the respondent to withdraw the former plea of not guilty."

In our opinion the proper rule to follow when the respondent attempts to change his plea after an appeal is as set forth in *State* v. *Schumacher, supra,* and cases therein cited.

The only question involved in the instant case is whether the complaint on which the warrant was issued sets forth any violation of law inasmuch as it is not charged therein that the vehicle was operated upon *any way or in any other place*. R. S., 1944, Chap. 19, Sec. 121 (now R. S. 1954, Chap. 22, Sec. 150), under which the complaint was drawn, and which has not been amended with regard to the point in question, reads as follows:

> "Whoever shall operate or attempt to operate a motor vehicle upon any way, or in any other place when intoxicated or at all under the influence of intoxicating liquor or drugs . . . upon conviction, shall be punished . . ."

It is the contention of the respondent that the words "place" and "premises" are not in common parlance synonymous. While the word "place" has several meanings, it ordinarily has reference to locality. The word "premises" signifies a distinct and definite locality. It may mean a room, shop, building or any definite area. We cannot extend the statute by construing it beyond the plain significance of the language used. It is our opinion that the word "place" in the statute cannot, by any reasonable interpretation, exclude the word "premises." *State* v. *Fezzette,* 103 Me. 467; *State* v. *Grames,* 68 Me. 418.

On reading the statute it will be noted that it first applies to the operation of motor vehicles upon a *way.* It then applies to operation of automobiles in any other *place.* To us this means any other place than a *way.* Indictments and complaints should be so worded that the respondent is sufficiently apprised of the crime with which he is charged so that he may properly prepare his defense and so that he will be protected against double jeopardy. *State* v. *Munsey,* 114 Me. 408, 96 A. 729; *State* v. *Cormier,* 141 Me. 307, 43 A. (2nd) 819.

R. S., 1954, Chap. 22, Sec. 150 should be interpreted with the idea in mind of reducing the hazard created by operating under the influence of intoxicating liquor. *State* v. *Roberts,* 139 Me. 273, 29 A. (2nd) 457.

Scrutinizing the complaint in question with the foregoing principles of law in mind, it appears that all of the essential elements have been clearly spelled out. The date of the offense is unambiguously stated as follows:

". . . . on the fourteenth day of June in the year of
our Lord one thousand nine hundred and fifty-
three . . . ."

The operation is also clearly stated, as follows:

"operated a motor vehicle, to wit, a passenger auto-
mobile . . ."

The condition of the respondent at the time of operation is
also clearly stated, viz:

". . . while under the influence of intoxicating
liquor . . .";

and the place where the respondent allegedly committed the
offense is spelled out, as follows:

". . . at Lisbon, in said County of Androscoggin . . .
in said Lisbon, to wit, upon the premises of the
Ancient York Lodge No. 155 F. & A. M. . . . . said
premises being located in the village of Lisbon
Falls in said Town of Lisbon . . .".

Presumably respondent's contention is that the complaint
fails to allege an offense in that the foregoing description
of the locale of the alleged offense vitiates the entire com-
plaint.

In regard to this point the statute, R. S., 1954, Chap. 22,
Sec. 150, provides in part as follows: "Whoever shall oper-
ate . . . in any other place . . .".

Certainly the word "premises" is included in the word
"place". While the word "place" has several meanings it
ordinarily has reference to locality. The word "premises"
signifies a distinct and definite locality.

The question of whether or not the statute here applies to
this particular case is thoroughly discussed in *State* v.
*Cormier, supra.* The court shows the historical develop-
ment of the statute with particular reference to the phrases,
"upon any way, or in any other place" and concludes that

the statute is applicable to anyone who operates or attempts to operate a motor vehicle while under the influence of intoxicating liquor regardless of where the operation took place. The court says, on page 313:

> "Evidently the intoxicated driver is to be regarded as one who should be denied *wholly* the right to operate a motor vehicle while in such condition."

In the phrase "upon any way, or in any other place" the word "way" obviously denotes a class or genus. Nothing remains *ejusdem generis*. Consequently, unless the word "place" is to be rendered meaningless it must be construed to cover everything to which the word "place" ordinarily refers.

The purpose of the statute is to protect persons and property from loss or injury by the movement of a motor vehicle operated by a person while intoxicated or at all under the influence of liquor or drugs.

We rule that for the foregoing reasons the complaint in this case is sufficient in law.

The entry must be

*Exceptions overruled.*

*Demurrer overruled.*

*Remanded to Superior Court.*