97 So.2d 828

Sam **ALLEN**

v.

Mrs. Howard **GENRY**.

6 Div. 439.

Court of Appeals of Alabama.

Oct. 24, 1957.

Taylor, ·Higgins, Windham & Perdue, Birmingham, for appellant.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellee.

HARWOOD, Presiding Judge.

In the suit below damages were claimed for personal injuries sustained by the plaintiff allegedly resulting from a defect in a porch of a duplex house owned by the defendant, and while the plaintiff was using said porch as a guest of defendant's tenant.

Demurrer to the complaint being overruled, issue was joined by defendant's plea of in short by consent, etc.

It might be noted that while there was additional pleadings to that above noted, such additional pleadings were as to matters not involved in this appeal, and are immaterial to this review.

The evidence presented by the plaintiff tended to show that Mr. and Mrs. Edward Goggins rented one half of a duplex house located in Birmingham. Mr. and Mrs. George Hisey occupied the other half.

The house had one porch across its front, and one flight of steps to the porch.

In order to enter either apartment at the front it was necessary to use the steps, and that part of the porch at the top of the steps adjacent to the steps and thence to a door opening onto the porch from each apartment.

About two weeks before the date of the injury to Mrs. Genry, the plaintiff, Mrs. Goggins had seen Mr. and Mrs. Genry and had invited them to visit.

The Genrys, and their three children did call, arriving at the Goggins' about 4 o'clock in the afternoon on 21 February 1956.

The Genrys started to leave around 8:00 p.m. It was dark outside, and the Goggins' switch to the porch light was not working. Mrs. Genry was carrying a young baby in her arms.

As she got to the top of the steps, and was saying goodbye, her foot caught in a rotted place in the floor of the porch and she tumbled down the steps. The baby was not injured, but, according to Mrs. Goggins, Mrs. Genry went "all to pieces" after the fall, and was crying and complaining of pain in her knees and legs.

Mrs. Genry was assisted to the Genry car, and the Genry family departed.

Mrs. Goggins testified that the rotted place in the floor at the top of the steps had already started when they moved into their apartment, but it kept getting worse. She started reporting the place to defendant's agent about November preceding the accident, but nothing was done. In April or May after Mrs. Genry fell the Goggins held back rent, and the porch was then repaired.

Mrs. Goggins further testified that the rotted place in the porch was at about the middle of the porch, and ran over the steps and back of the sill, and was about as big as her hand.

The Hiseys had some porch furniture on their side of the porch, which was not used by the Goggins except when they visited the Hiseys.

Mr. Goggins, and Mr. Genry also testified for the plaintiff. Their testimony was along

the same lines as that above set out, and we see no need of reciting it.

For the defense Mrs. Hisey testified that she and her husband occupied one side of the duplex, and the Goggins the other side. The Hiseys had been occupying their side since 1943; that she remembered the night on which Mrs. Genry allegedly fell down the steps; she and her husband were in the living room which has two windows and a door opening onto the porch. She heard no commotion of any sort as the Genrys left, and she heard them just walk down the steps, get in their car and leave.

Mrs. Hisey further testified that the first she heard of any fall by Mrs. Genry was several months afterward when Mrs. Goggins told her she did not see Mrs. Genry fall, and that she did not fall.

In this connection Mrs. Goggins, in rebuttal, denied she had ever made such a statement to Mrs. Hisey.

Mr. Hisey's testimony was of similar import as Mrs. Hisey's, except that he testified that his wife was telling him about it the next evening after Mrs. Genry allegedly fell.

Mr. Allen, the defendant, testified that he owned the property in question. He had no personal knowledge of Mrs. Genry's fall. So far as he knew there were no holes in the porch at that time.

On cross examination he testified that he left it up to his rental agent to make repairs and inspections.

He thought he had gone to the duplex in November to look it over, though he made no detailed inspection.

Appellant's assignments of error 1, 2 and 3 are properly argued together, in that all three assignments relate to the refusal of charges requested by the appellant which were affirmative in nature.

■ Counsel for defendant first argues that the evidence submitted places this case under the doctrine clearly enunciated in several of our cases to the effect that a landlord is not liable in tort for injuries to the tenant, his family, servants, or invitees unless the defect in the premises causing injury existed at the time of the letting, and was known to and concealed by the landlord. See Morgan v. Sheppard, 156 Ala. 403, 47 So. 147; Anderson v. Robinson, 182 Ala. 615, 62 So. 512, 47 L.R.A.,N.S., 330; Hallock v. Smith, 207 Ala. 567, 93 So. 588.

The doctrine of above cases apply to those cases where the entire tract or estate has been let.

■ Where however, as in this case, the owner has leased portions of his estate to two or more tenants, it is a question of fact for the jury as to whether the landlord has, by implication, reserved to himself those portions of his estate necessary to insure the enjoyment of their estates by his respective tenants. The learned trial judge, in his instructions, properly submitted such question to the jury. Loucks v. Dolan, 211 N.Y. 237, 105 N.E. 411; Conroy v. Maxwell, 248 Mass. 92, 142 N.E. 809; Vinci v. O'Neill, 103 Conn. 647, 131 A. 408.

By their verdict we must conclude that the jury found that the appellant had, by implication, reserved to himself that portion of the porch at the top of the steps which was necessarily used by the Goggins and Hiseys in reaching the entrances to their respective apartments. The alleged defect clearly was in this area of the porch.

■ This portion of the porch being reserved by the appellant landlord, by implication, it was his duty to use reasonable care to keep in good repair and safe condition such reserved portion, and if he negligently failed to do so, and a third person on the premises, on the express or implied invitation of a lessee while using due care, is injured on account of a defective or unsafe condition, the landlord is liable therefor. Mudd v. Gray, 200 Ala. 92, 75 So. 468, and cases therein cited.

Counsel for appellant further argue, in connection with assignments 1, 2 and 3, supra, that under the terms of the lease made between appellant and the Goggins that the Goggins leased the entire premises,

and therefore there could be no implied reservation of any portion of the premises.

Before going further into this contention we will advert to appellant's assignment No. 7 to the effect that the lower court erred in overruling defendant's objection to a question propounded to plaintiff's witness Mrs. Goggins as to how much of the duplex house she rented. The grounds of defendant's objection was that the lease would be the best evidence. To the question Mrs. Goggins replied that she rented one half of the duplex.

The lease itself was later introduced into evidence by the defendant.

It provides that "the lessor does hereby lease and rent unto the lessee the following described premises, in the City of Birmingham, to wit: 2416 14th Avenue, North for occupation and use as a residence, etc. * * *"

The word "premises" is an elastic and inclusive term. Leroy Franz, Inc., v. City of New Rochelle, Sup., 124 N.Y.S.2d 525; and it does not have one definite and fixed meaning, but its meaning is to be determined by its context and is dependent on circumstances in which used, Gibbons v. Brandt, 7 Cir., 170 F.2d 385; the term may mean a room, shop, building, or any definite area. State v. Goodchild, 151 Me. 48, 115 A.2d 725.

█ Where the description of property or estate leased is ambiguous or doubtful, parol evidence is admissible to make the description certain. 24 Cyc. 916; Alabama Mut. Fire Ins. Co. v. Minchener, 133 Ala. 632, 32 So. 225; Maloney v. Smith, 16 Ala. App. 595, 80 So. 169.

█ It further appears that defendant's witness Mrs. Hisey, on her direct examination testified that the Hiseys occupied one half of the duplex, and the Goggins the other half. The questioned ruling therefore, in addition to being correct, related entirely to an undisputed matter. In fact counsel for appellant in their brief list as one of the undisputed facts, the fact that the Goggins occupied one half of the duplex and the Hiseys the other half.

The Hiseys having leased their half in 1943, and the lease with the Goggins being dated 14 August 1953, if argument of appellant's counsel that the Goggins obtained the entire building under their lease be accepted, then the appellant must be deemed to have leased to the Goggins premises, a substantial portion of which he knew to be already leased to another.

What we have said above relative to appellant's assignment of error No. 7 we think disposes of the contention made under assignments 1, 2, and 3, that the appellant was due the affirmative charges because the Goggins had obtained the entire premises under their lease.

█ Appellant's charges Nos. 14 and 20 were properly refused as misleading under all the evidence and the legal principles applicable. (Assignments Nos. 4 and 5).

Appellant's requested charge No. 22 (Assignment of Error No. 6) was properly refused in that it is misleading, and invasive of the province of the jury.

Appellant's assignment of error No. 8 asserts error in the action of the court in overruling appellant's motion for a new trial.

What we have said above disposes of all grounds of the motion except grounds 4, 5, 6, 7 and 8, to the effect that the verdict was excessive, and ground 1, that the verdict is contrary to the weight of the evidence.

█ The evidence presented by the plaintiff was amply sufficient, if believed by the jury under the required rule, to support the verdict. There appears to us no basis upon which we could justifiably disturb the lower court's conclusion in this regard.

█ As to the matter of the excessiveness of the verdict, Mrs. Genry testified that her knees were skinned, scarred and her scars were exhibited to the jury. She further testified that she had never had any trouble with her legs before the fall, but now she can hardly bend down, and has to hold to something to get up when she does

bend down; that her knees hurt her all the time.

While it is true that Mrs. Genry did not see a physician for some 8 months after her injury, she stated that when she did go to a physician it was because her pain had become intense.

Mr. Genry's testimony in regard to his wife's injuries was largely corroborative of Mrs. Genry's.

Damage was assessed by the jury at $750. We do not think this amount indicated that the jury was moved by prejudice and passion in its fixation. Al DeMent Chevrolet Co. v. Wilson, 252 Ala. 669, 42 So.2d 588, as read in light of Al DeMent Chevrolet Co. v. Wilson, 252 Ala. 662, 42 So.2d 585; Mobile Light & R. Co. v. Gallasch, 210 Ala. 219, 97 So. 733; Magic City Bottling Co. v. Tolbert, 34 Ala.App. 516, 41 So.2d 619.

Affirmed.