## ROYAL F. BAKER *v.* LEVI BAKER.

*Parent and Child. Enlistment. Emancipation. Soldier's Pay and Bounty.*

A minor having enlisted into the military service of the government, with the consent of his father, is entitled to receive and control such compensation as he is entitled to from the government or otherwise, under his enlistment contract; and the town bounty paid by the town to which he gave his credit, belongs to him and not to the father.

The consent to the minor's enlistment, is a virtual emancipation or discharge of the minor from all obligations of service or obedience to the father, so long, at least, as the enlistment contract exists.

The rights of parent and child in respect to the earnings and property of minors, considered.

But in this case, which was as to whether a town bounty belonged to the father or the son, even if the father had a right to claim the money, there being evidence tending to show that he had relinquished all claim to it and recognized the right of the son to it, and to control it, the case should at least have been submitted to the jury.

ASSUMPSIT. The declaration was in common form of counts in assumpsit. Pleas, the general issue and pleas in offset. Trial by jury, May term, 1867, BARRETT, J., presiding.

The plaintiff's testimony tended to show that he is the defendant's son; was twenty-two years old on the seventh day of November, 1866; that, with the consent of the defendant, he enlisted for nine months, on the 18th day of September, 1862, and went into the service of the United States as a soldier; that of the money which was paid on account of said enlistment and service the defendant received a town bounty, the seven dollars per month from the state, and a part of the United States pay; that the plaintiff was discharged on the 10th day of August, 1863; that in August, 1864, the defendant consented that the plaintiff should again enlist, and went with him from Royalton to Sharon, that he might do so; that the plaintiff was to have of the town of Sharon six hundred dollars bounty, if he should enlist for that town. Before he enlisted, it was arranged between the plaintiff and the defendant, that the defendant should take said bounty, and repay it to the plaintiff if he should live to return. The plaintiff requested the defendant to let his two sisters have of it twenty-five dollars each. The plaintiff did enlist for said Sharon as a soldier, with the understanding that he should be transferred to the navy, which was done. The defendant consented to said enlistment. In the latter part of November, 1864, the plaintiff had a furlough and visited the defendant. The defendant had paid money for the plaintiff. In said month of November it was agreed between the plaintiff and the defendant, that, over and above what money the defendant had paid out for the plaintiff, the defendant should secure and pay to the plaintiff the sum of four hundred dollars. The defendant wrote a note for four hundred dollars and offered it to the plaintiff, which he did not receive, claiming that the money should be secured by mortgage. The defendant then promised that he would have papers made which should secure to the plaintiff the payment of said four hundred dollars, and leave them with his (the plaintiff's) sister and her husband, Mr. Root, for the plaintiff. The plaintiff soon left and returned to the service in the navy. The defendant did not secure to him the money, nor do anything about

it, except as aforesaid. The plaintiff was discharged from the navy on the 15th day of June, 1865, and called on the defendant at Royalton in respect to said money, and he would do nothing about it. The defendant gave no evidence. He admitted that he had the six hundred dollars bounty, and claimed that, if the facts were as the plaintiff's evidence tended to show, the plaintiff had no right to recover; and the court so held and directed a verdict for the defendant, which was rendered accordingly, and the court rendered judgment thereon for the defendant, to which the plaintiff excepted.

*Hunton & Gilman,* for the plaintiff.

————————, for the defendant.

The opinion of the court was delivered by

PIERPOINT, C. J. The principal question involved in this case, is as to which of the two (the plaintiff or the defendant) the money belonged to, which was paid by the town of Sharon to the plaintiff as bounty money, upon his enlisting and being mustered into the United States service as a soldier to the credit of said town, the plaintiff at the time being a minor, and the defendant being his father. It is conceded that the plaintiff enlisted with the consent of the defendant. He did not enlist by the direction or request, or in discharge of any obligation, of the defendant. The duties, obligations and liabilities which he assumed, were directly at variance with the duties, obligations and liabilities that he was under to the defendant by virtue of the relation of parent and child, such as the father could not compel him to perform, and had no right to require of him.

When the plaintiff had enlisted and been mustered into the service of the United States, he was entirely subject to the control, direction and command of the government, at all times and under all circumstances, until his discharge. The consent of the defendant to the plaintiff's enlistment, was a virtual emancipation or discharge of the plaintiff from all obligations of service or obedience to the defendant, so long, at least, as the enlistment contract

existed, and entitled the plaintiff to receive and control such compensation as he should be entitled to from the government or otherwise, under his enlistment contract.

But the question here involved, is not in respect to wages, or compensation for services, strictly speaking, but relates to a sum paid by the town to the plaintiff, as an inducement to enter into the enlistment contract with the government and to be credited to the quota of the town. It was more in the nature of a gift than compensation for services. The enlistment contract was not with the town, but the government. He performed no service for the town as such. This money was paid him for assuming the risk to life and limb, and the hardships and privations incident to service in the army. These risks were all his own, not his father's, and we think the money he received as an inducement to assume these risks, was also his. The father is not entitled to the property of his children while they are minors, except so far as it is the result of their services which belong to him. Property derived from other sources or by other means, they hold in their own right, and the father has no claim upon it. The father may at any time release his right to the services of his minor child either in whole or in part, for a definite period or during his entire minority. When he does so, he has no claim upon the child's earnings during such period. Or he may relinquish his right to the money earned by the child, or may give money to his minor child, and if he does so, he can not resume it again at his pleasure. If he gives money to such child, and afterward receives it from the child upon a promise to repay it at a future time, he is bound by such promise, and can not avoid it by saying that the money was originally his.

But even if the defendant had the right to claim this money, the evidence was very strong to show that he relinquished all claim to it and recognized the right of the plaintiff to it, and his right to control it. He received it from the plaintiff not as his own, but as the plaintiff's, and, on receiving it, promised to pay out a part of it as the plaintiff directed, and to pay the remainder to the plaintiff on his return from the army. He did pay out a part as the plaintiff directed, and afterward, when the plaintiff returned

upon a furlough, he executed a note to the plaintiff for the balance, and agreed to secure it by a mortgage, and deposit the note and mortgage with a third person, agreed upon, for the plaintiff on his discharge and return from the army. Upon these facts, the jury would have been warranted in finding for the plaintiff on the ground that the defendant had relinquished all claim to the money, in favor of the plaintiff.

We think the case at least should have been submitted to the jury.

Judgment reversed, and case remanded.