## WALDO STILES v. TOWN OF DANVILLE.

### Soldier's Bounty.    Evidence.

A minor may recover a town bounty, as decided in *Baker* v. *Baker,* 41 Vt., 55.

Declarations of a recruiting agent, appointed by vote of the town, made at a town
meeting after his agency had ceased, in respect to what bounty he promised the
plaintiff when he enlisted, and made when the plaintiff was not present, and long
after the contract, to which they related, was made, are not admissible in an action
to recover the bounty.    The fact that the agent is dead adds nothing to their
admissibility.

The promise of the agent being within the scope of the vote of the town, and one
of the selectmen having participated in perfecting the enlistment of the plaintiff,
with full knowledge of the agent's contract with him as to bounty, the plaintiff is
entitled to recover ; the case being within the principle established in *Haven* v.
*Ludlow,* 41 Vt., 418.

ASSUMPSIT for a town bounty.    Plea, the general issue, and
notice of payment of $500 in full of plaintiff's claim.    Trial by

jury, August term, Caledonia county, 1869, STEELE, J., presiding. Verdict for the plaintiff, for $200 and interest.

The plaintiff's enlistment, service and credit to the town of Danville under the call of July, 18, 1864, were regular. The plaintiff's evidence tended to prove that the plaintiff was procured to enlist by William L. Trussell, who was acting as an agent of the town of Danville in filling their quota under said call, in accordance with the vote of the town, and that the selectmen of the town were cognizant of the fact that Trussell was enlisting men for the town, and approved it, and had frequent communication with Trussell on the subject. This evidence was not disputed by the defendants.

The plaintiff's evidence also tended to show that Trussell, in contracting with the plaintiff, promised him $500 bounty, unconditionally, and as much more as the town should pay any one under that call. The defendants' evidence tended to prove the contrary, but the jury found the contract as plaintiff claims. Upon this question, whether Trussell promised the plaintiff more than $500, if others were paid more, under the same call, the defendants offered to prove that at the first town meeting in 1865, in which the matter of these conditional promises was brought to the attention of the town, Trussell, who is now dead, was enquired of, and made a statement upon the subject to the town, in which he admitted that he had made such promises to four soldiers, but declared that he had made no such promise to the plaintiff. This evidence was objected to, and excluded, to which the defendants excepted. It appeared by uncontradicted evidence that the town paid other soldiers, who were enlisted and passed to their credit subsequent to the plaintiff, but under the same call, July 18, 1864, the sum of $700 as bounty. Two of the selectmen knew of the plaintiff's enlistment before his muster, and knew that Trussell had made a contract with him, but the defendants' evidence tended to prove that they supposed it was to pay him $500 only, though they made no enquiries of the plaintiff on the subject. Both of these selectmen aided in perfecting the plaintiff's enlistment, one by meeting him with others at St. Johnsbury, the place of rendezvous, to attend to their being duly forwarded to the place

of muster ; the other by aiding Trussell to procure the plaintiff's father to consent to the enlistment, the plaintiff being a minor at that time.

The plaintiff's evidence tended to show that one of these selectmen participated in perfecting the plaintiff's enlistment, with full knowledge of the terms of the promise Trussell had made the plaintiff. The defendants' evidence tended to show the contrary as to the knowledge. It appeared that Trussell and Weeks both understood that they were to be controlled by the selectmen as to the amount of bounty they should offer, and also that the plaintiff so understood it. The plaintiff's evidence tended to prove that he understood that Trussell was promising no more than he had authority to promise from the selectmen.

It appeared that, before the plaintiff was enlisted, the selectmen had met and resolved that no more than $500 bounty should be paid. Trussell was not at the meeting. Prior to this resolution, the selectmen had fixed the bounty at $300, and part of the defendants' evidence tended to show that under that arrangement Trussell was instructed to promise $300, and as much more as the town should pay others, and that when the amount was raised to $500, he was merely informed of the fact that the selectmen had determined to offer $500 instead of $300, and nothing was said to him as to no longer making conditional promises. Other witnesses for the defence testified that Trussell never had any instructions from the selectmen to make such conditional promises, but on the contrary was specially instructed not to do so.

At the time the plaintiff was enlisted, he was nineteen years old. He had never been emancipated from his father's control by purchase of his time or otherwise. His father knew the terms of the contract with the plaintiff, and signed a written consent to the enlistment.

The court ruled that the infancy of the plaintiff, at the time the contract was made, would not, under the facts of the case, prevent the plaintiff from recovering. The court also ruled that if Mr. Trussell made the contract which the plaintiff claimed, and the plaintiff was unaware that Trussell was promising more than he was authorized to by the selectmen, the plaintiff would be entitled

to recover the $200 and interest. To all which rulings the defendants excepted.

The jury, by a special verdict, under the charge of the court, found that Trussell did promise as the plaintiff claims, and that one of the selectmen participated in perfecting the enlistment, with knowledge of all the terms of Trussell's contract with the plaintiff, and that the plaintiff was unaware that the selectmen had limited the bounty to $500, and that such instructions had been conveyed to Trussell by the selectmen that he understood and had reason to understand that he was at liberty to make the contract he did.

The following two articles appear in the warning for the town meeting :

"*Art.* 2. To raise money to pay a bounty to men who enlist in answer to the call of the President of the United States, made July 18, 1864, and give their credit to Danville.

"*Art.* 4. To give the selectmen of said Danville such instructions and authority in regard to enlisting or raising men in answer to the aforesaid call of the President as they think best."

" *Voted,* That the selectmen, and with them Charles F. Weeks and William L. Trussell, be appointed agents to enlist the quota for Danville, under the President's last call ; and that the sum of $18,000 be raised on the grand list of the town for the purpose of paying bounties to such soldiers as have already enlisted, and may hereafter enlist for the town, and that the selectmen be directed to pay such bounties as shall forthwith raise the men ; and that the said sum, as above, be assessed on the present grand list, and collected as soon as may be."

*C. J. B. Harris,* for the defendants.

*Bliss N. Davis,* for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, C. J. The objection, that the plaintiff cannot recover in this case by reason of his being a minor at the time of his enlistment into the United States' service, is not well taken. This question was before this court and decided in the case of *Baker* v. *Baker,* 41 Vt., 55, and the decision in that case must govern this.

The declarations of Trussell, we think, were properly excluded. The declarations were made long after the contract, to which they related, was made, and long after his agency had ceased. The plaintiff was not present, and had no connection with the occasion upon which they were made. They were in no sense a part of the *res gestæ*. They stand like the naked declarations of any third person, who may be supposed to have a knowledge of the fact. That they were made in public town meeting, or that the party making them was dead, adds nothing to their admissibility under the circumstances.

But it is said that Trussell had no authority from the selectmen to promise the plaintiff to pay him a bounty of $700. What the precise instructions of the selectmen were, does not distinctly appear. That Trussell was authorized to procure volunteers to enlist, and to offer bounties to the extent of $500, is conceded, so that, in making the contract with the plaintiff, he was acting within the general line of his authority. And the jury have found that his instructions were such that he understood and had the right to understand that he had the right to make such a contract as he did. They have also found that the plaintiff so understood it when he entered into the contract. This, we think, is quite sufficient to make the contract binding upon the town. This question, however, is immaterial in this case, as it appears that one of the selectmen participated in perfecting the enlistment of the plaintiff, with full knowledge of all the terms of Trussell's contract. This brings the case within the principle established in *Haven* v. *Ludlow*, 41 Vt., 418.

The judgment of the county court is affirmed.