**STATE of Maine**

**v.**

**Stephen R. AUCOIN.**

Supreme Judicial Court of Maine.

June 17, 1971.

Robert T. Coffin, County Atty., Portland, for appellant.

Jack H. Simmons, of Berman, Berman & Simmons, Lewiston, R. John Wuesthoff, Kennebunkport, for appellee.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY and WERNICK, JJ.

WERNICK, Justice.

This case on report before us from the Superior Court, for this Court to make such disposition as the rights of the parties require, seeks decision of the constitutionality of that portion of an ordinance of the City of Portland which reads:

"No person shall loiter in, on, or adjacent to any of the streets, ways, or public places, in the City of Portland, * * *."

The case was commenced in District Court, Ninth District, Division of Southern Cumberland upon a complaint charging defendant with a crime in that

" * * * Stephen R. Aucoin, did loiter in a public place, to wit: second floor of City Hall, 389 Congress Street, in said Portland, after having been forbidden to do so."

Defendant appealed the case to the Superior Court and there filed a motion to dismiss the complaint.

The motion to dismiss asserts the complaint to be legally insufficient because the ordinance upon which it is based is a nullity as violative of the "due process" clauses of the Constitution of Maine and of the Fourteenth Amendment of the Constitution of the United States.

We are without a delineation of specific behavior of the defendant which is claimed to be criminal as "loitering", except that the complaint adds an allegation, unrequired by the ordinance itself, that the "loitering" occurred after it had been "forbidden" (whether with, or without, lawful authority being undisclosed). Defendant, therefore, directly affected by the ordinance, is aiming to prevail by reliance upon an attack upon the constitutionality of the ordinance *taken on its face*.

Decision of the case is controlled by the principles as to vagueness recently announced, and applied, by the Supreme Court of the United States in Coates v. City of Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971).

"Loitering", utilized as it is in the Portland ordinance without more as a criterion of criminal conduct, provides an "incomprehensible standard" and, hence, is constitutionally inadequate to delimit a class of human behavior which shall be the subject of punishment. As understood in ordinary usage, it is

"vague not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all. As a result, 'men of common intelligence must necessarily guess at its meaning.' Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322." Coates v. City of Cincinnati, supra, 91 S.Ct. p. 1688.

In the language of this Court, recognizing the same principle in Knowlton v. State, Me., 257 A.2d 409 (1969):

"It is a fundamental common law concept that crimes must be defined with appropriate definitude, and that concept is now held to be an essential element of due process of law.

" 'The underlying principle is that all are entitled to be informed as to what the state commands or forbids and no one should be required, at peril of life, liberty, or property, to speculate as to the meaning of penal statutes. Thus, fundamental fairness requires that no man be held criminally responsible for conduct which he ·could not reasonably understand to be proscribed. * * * ' " (pp. 409, 410)

The portion of the Portland ordinance before us, on its face, contravenes "due process" and is null and void. The nullification of the ordinance vitiates the complaint founded upon it.

The entry is:

*Motion to Dismiss granted; complaint dismissed.*