**STATE of Maine**

**v.**

**Roland BAILEY.**

Supreme Judicial Court of Maine.

Jan. 27, 1972.

F. Frederick Romanow, County Atty., Belfast, for plaintiff.

Eaton, Glass, Marsano & Hammond, by Francis C. Marsano, Belfast, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEBBER, Justice.

On report. The defendant was convicted in the District Court of a violation of 17 M.R.S.A., Sec. 2251.[1] The complaint in

---

1. 17 M.R.S.A., Sec. 2251 dealt with "Dumping litter on highways." By P.L. 1969, Ch. 523, effective May 9, 1970, the statute was amended to add "feathers" and "offal" to the list of items described therein. This statute as amended was re-pealed in its entirety by P.L.1971, Ch. 405, Sec. 2 and a new "litter control" law captioned "Maine Litter Control Act" was enacted by P.L.1971, Ch. 405, Sec. 1, effective September 23, 1971.

effect charged that the defendant on May 11, 1970 "did cause feathers to be placed upon a public way, to wit: U.S. Route #1 in said Belfast, Maine, said feathers not being placed in proper containers placed for rubbish or garbage collection or removal and said U.S. Route #1 not being a public dump." Defendant appealed his conviction to the Superior Court. In that Court defendant filed a document captioned "Motion Rule 12(b) (2)" in which defendant stated certain alleged facts and legal conclusions or arguments predicated thereon. In essence this "motion" suggests three issues, (1) that the statute when properly interpreted does not reach the actual conduct of the defendant; (2) that the statute is unconstitutional on its face; and (3) that the statute is unconstitutional if applied to defendant's version of the facts. Unfortunately, and presumably through inadvertence, this "motion" which should properly contain a prayer for some suggested action by the Court, as that the complaint be dismissed or that the Court grant appropriate relief as provided in M. R.Crim.P., Rule 12, contains no prayer or request for such Court action.[2]

Apparently anticipating a jury trial, defendant's counsel also filed requests for instruction pursuant to M.R.Crim.P., Rule 30(b).

On the face of the "motion" the Justice below made a preliminary notation which stated, "Ordered reported under Rule 37A, Counsel to file a stipulation agreeing to the report." This notation was dated and signed by the presiding Justice. No such agreement to report appears in the record before us nor was any order formally determining that in the opinion of the Court a question of law is involved of sufficient importance or doubt to justify report ever presented to or signed by the presiding Justice. Rule 37A(a) provides: "The court may, where the defendant and the State so agree, report any proceedings to the Law Court if it is of the opinion that any question of law is involved of sufficient importance or doubt to justify the same, provided that the decision thereof would in at least one alternative finally dispose of the action."

■ In a brief memorandum opinion in State v. Beckwith (1938) 135 Me. 510, 195 A. 798 the Court summarily declined to entertain a case on report where the necessary agreement of counsel was lacking. Under present practice we think there are sound reasons for insisting upon strict adherence to the requirements of Rule 37A neither of which was met in this case. We therefore decline to consider the issues sought to be tendered.

■ Lest it be thought that we interpose overly technical obstacles to the securing of appellate review, some additional comments on procedure may be appropriate. It should be noted that although M.R.C.P., Rule 72(a) is with insignificant variations in language the exact counterpart of M.R. Crim.P., Rule 37A(a), M.R.C.P., 72(b) has no counterpart in the criminal rules. That rule provides: "(b) Report on Agreed Facts. The court may, upon request of all parties appearing, report any action to the Law Court for determination where there is agreement as to all material facts, if it is of the opinion that any question of law is involved of sufficient importance or doubt to justify the same." The omission of a counterpart of Rule 72(b) from the criminal rules was purposeful on the part of both the advisory committee and the Court. A criminal defendant has rights which are not vouchsafed to parties in civil actions, particularly with respect to the determination of facts by an appellate tribu-

2. The photocopy of this "motion" which was made part of the record on report was thought by counsel to omit such prayer as a result of the photocopy process. By agreement of counsel at the time of oral argument, we have caused a true and exact copy of this document to be prepared by the Clerk and submitted to us for examination. The omission is apparent on the face of the record and is not the result of the photocopying process.

nal. Caution has to be exercised to the end that the reporting of criminal cases does not become a fruitful source of subsequent post-conviction relief petitions. The wording of Sec. (a) was deemed adequate to provide for the more limited function of report in criminal cases. This is not to say, however, that an agreed statement of facts can never be used as a vehicle for report under Rule 37A(a). Criminal cases have always been reported by means of agreed statements of facts under the practice as it existed even prior to the adoption of the Maine Rules of Criminal Procedure.[3] State v. Beckwith (1938) 135 Me. 423, 198 A. 739; State v. Colburn (1936) 134 Me. 494, 182 A. 210; State v. Richardson (Me.1972) 285 A.2d 842.[4]

Rule 37A(a) should, however, be employed with care and caution. For one reason, the reporting process itself is a recognized departure from the usual requirement that appellate review should finally decide the action. The Rule is doubtless best suited to the resolution of issues in which the facts are relatively simple and easily stated, as for example where a statute is challenged as unconstitutional on its face or an indictment is said to be invalid. Care must be taken that facts in an agreed statement are adequate to present the legal issues squarely for determination. In State v. Colburn, supra, the Court discharged the report because the facts in the agreed statement were "insufficient to allow an intelligent decision of the problem presented." In the instant case counsel prepared an agreed statement of facts which they intended to be the basis for our decision. With particular respect to the third issue sought to be presented, whether or not the littering statute is unconstitutional *as applied to the facts of this case,* the facts are not fully or adequately stated. Apart from other infirmities in the reporting process, it would be necessary to remand the case for this reason alone.

We now revert to the failure of compliance with Rule 37A(a). If counsel had submitted to the presiding Justice their agreement for report as they were instructed to do by his order, and if that agreement had been accompanied by their proposed agreed statement of facts and a proposed formal order for report, the inadequacies in the statement of facts might have been detected and thus avoided. The presiding Justice cannot effectively make the required determination that important or doubtful questions of law are presented and the decision in one alternative[5] will finally decide the case until he has been afforded adequate opportunity to examine the agreed statement of facts. Our insistence upon strict compliance with Rule 37A(a) will tend to insure effective judicial participation in the reporting process.

The entry will be

Report discharged.

All Justices concurring.

3. 4 M.R.S.A., Sec. 57 as amended provides for the jurisdiction of the Law Court on report on agreed statement of facts and makes no distinction in this respect between civil and criminal cases.

4. State v. Richardson clearly illustrates that in reporting a criminal case which must be in such posture that Law Court decision thereof will in at least one alternative finally dispose of the action, the *only* allowable alternative must be judgment for the defendant. In *Richardson* the parties in their agreed statement purported to authorize a final decision by the Court in either alternative, but concluding that a remand for adjudication of guilt might be subject to constitutional infirmities, we rejected the purported authorization and remanded for further proceedings not inconsistent with the opinion, thus permitting a trial on the merits below if demanded.

5. See footnote 4 for permissible alternative in a criminal case.