STATE of Maine

v.

William L. MacNAMARA.

Supreme Judicial Court of Maine.

Oct. 10, 1975.

Michael N. Westcott, Asst. Atty. Gen., Wiscasset, for plaintiff.

Fitzgerald, Donovan & Conley, P. A., by Daniel R. Donovan, J. Michael Conley III, Bath, for defendant.

Before DuFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

Both the State and defendant agreeing thereto, a Justice of the Superior Court issued the following order:

### "(TITLE OMITTED)

### ORDER FOR REPORT TO THE LAW COURT ON AGREED FACTS

The parties, pursuant to Rule 72(b), M.R.C.P. [sic[1]], requests [sic] that this case be reported to the Law Court. The facts agreed upon by the parties are as follows:

That the Defendant was charged by Complaint with the offense of Driving Under the Influence. The Complaint charged 'That on or about the fifth day of December 1973 on Route 27, a public way in Dresden, County of Lincoln and State of Maine, the above-named Defendant, WILLIAM L. MAC NAMARA, did then and there operate a motor vehicle, to wit: an automobile while then and there under the influence of intoxicating liquor.' The State concedes that the Defendant did not operate the vehicle. The Defendant concedes that he was attempting to operate the vehicle and was under the influence.

The parties have raised the issue of whether or not the offense of attempting to operate a motor vehicle under the influence (Title 29 § 1312) is a lesser included offense within the offense of operating a motor vehicle under the influence.

The question of law raised is of sufficient importance or doubt to justify report of the case to the Law Court.

It is ORDERED that this matter be reported to the Law Court on the question of law raised and the facts agreed to by both parties."

We may take cognizance of matters reported under Rule 37A(a), M.R. Crim.P., only if our "decision . . . would in at least on alternative result in a final disposition of the action in favor of the defendant." The report does not contain express language obligating the State, in the event of an adverse holding, to dismiss the complaint, or to agree to an entry of judgment of acquittal. However, such a result would become mandated if the defendant's position is correct, namely, on the basis of the stipulated facts the complaint is inadequate to support a conviction.

---

1. Although the reference is incorrect, since Rule 72(b), M.R.C.P., applies only to *civil* actions, we treat the error as inadvertent and consider the reference to have been to the corresponding Criminal Rule, namely, 37A (a) ; M.R.Crim.P.

As we will point out, *infra,* an "attempt" to violate the provisions of 29 M.R.S.A. § 1312(10) is a distinct criminal act. It is independent of the offense of "operating" a motor vehicle in violation of that statute. Thus, an amendment to the complaint converting the allegation from "operate" to "attempt to operate" would not be permissible under Rule 7(e), M.R.Crim.P.,[2] since such amendment would impermissibly result in charging an "additional or different offense."

We hold that there has been a substantial compliance with Rule 37A(a).

This result is not to be viewed as any relaxation of our previous holdings. In *State v. Bailey,* 286 A.2d 603, 605 (Me.1972), we delineated the perimeters within which Rule 37A(a) was designed to function and pointed out that:

"Care must be taken that facts in an agreed statement are adequate to present the legal issues squarely for determination." [3]

On the agreed facts, if the Justice below had ruled adversely to the defendant, an appeal would have presented the identical issue now before us. It would be hypertechnical for us to hold that a report must contain express language agreeing to an ultimate result favorable to a criminal defendant if, on the face of the report, such a result is legally inevitable. Thus, this report meets the requirements of *State v. Bailey, supra.*

Although we have previously indicated our conclusion on the legal merits of defendant's position, it is appropriate to state briefly our reasons therefor.

29 M.R.S.A. § 1312(10) in pertinent part provides:

"Whoever shall *operate* or *attempt to operate* a motor vehicle within this State while under the influence of intoxicating liquor or drugs, upon conviction . . . shall be punished . . .." (Emphasis supplied.)

It is only when all the elements of a lesser offense are *necessarily* included within the elements of the greater crime, as legally defined, that one may be convicted of the lesser on an indictment or complaint charging the greater. *State v. Leeman,* 291 A.2d 709 (Me.1972). Axiomatically, the lesser offense may never require proof of an element not required to prove the greater offense. *Waker v. United States,* 344 F.2d 795 (1st Cir. 1965).

The Legislature, in enacting this statute, obviously recognized the dangers inherent in the operation of motor vehicles by persons whose faculties are impaired by the use of alcohol or other drugs and it intended to prohibit such operation under any and all circumstances. *See State v. Goodchild,* 151 Me. 48, 115 A.2d 725 (1955); *State v. Roberts,* 139 Me. 273, 29 A.2d 457 (1942).

The proscribed act of operating a motor vehicle while thus impaired, per se, constitutes a violation of the statute. The offense is *malum prohibitum* and intent is not an element of the offense. *State v. Dyer,* 289 A.2d 693 (Me.1972). However, such is not the case when dealing with a charge of *attempting* to operate a motor vehicle while impaired by alcohol or drugs. In the words of Mr. Justice Fellows (later Chief Justice):

"Where an attempt to operate is charged, there must be an *intent* to commit the offense of operating. Unless the acts done were done with the intent to

---

2. "The court may permit an information or complaint to be amended at any time before verdict or finding if *no additional or different offense is charged* and if substantial rights of the defendant are not prejudiced." (Emphasis supplied.)

3. For the type of case where a report has been an accepted vehicle for appellate decision, see *State v. Inman,* 301 A.2d 348 (Me. 1973); *State v. Alley,* 274 A.2d 718 (Me. 1971).

operate the motor vehicle while under the influence of liquor, no offense is committed. . . ."

*State v. Sullivan,* 146 Me. 381, 384, 82 A.2d 629, 631 (1951). Thus it is clear that the State, in charging an attempt to violate Section 1312(10), must prove an *intent* to operate, an element not essential to prove an operation in violation of the section.

■ Neither do we believe there would be merit in the argument that the agreed facts would support a conviction under the provisions of 17 M.R.S.A. § 251, namely:

"Whoever attempts to commit an offense and does anything towards it, but fails or is interrupted or is prevented in its execution, where no punishment is expressly provided for such attempt, shall [be punished] . . . ."

In our judgment Section 251, by limiting its application to situations where "no punishment is expressly provided for such attempt," is inapplicable to violations under Section 1312(10).

■ We construe the language of Section 1312(10) as defining two distinct motor vehicle violations, namely, (1) an attempt to operate a motor vehicle, and (2) the operation of a motor vehicle in violation of the statute. *See State v. Bryce,* 243 A.2d 726 (Me.1968). The legislative history of this motor vehicle statute supports this conclusion. P.L.1911, ch. 162, § 20, proscribed only the operation of motor vehicles by those under the influence of intoxicating liquor. P.L.1921, ch. 211, § 74 amended the 1911 act, adding to the proscription the attempt to so operate and such language has been consistently followed since and is now reflected in Section 1312(10).

Thus, since 1921 the operation or attempted operation of a motor vehicle in violation of the statute has carried an identi-

cal penalty for either type of conduct.[4] Subsequent offenses for either violation are treated exactly alike, both in terms of the penal consequence and the impact on an operator's driver's license following a criminal conviction. Therefore, since Section 1312(10) provides a specific penalty for an "attempt" to violate its provisions, the Legislature isolated such attempts from the proscriptions of Section 251.

The issue reported must be answered in the negative.

The entry is:

Remanded to the Superior Court for further proceedings in accordance with this decision, namely, either a dismissal of the complaint or an entry of a judgment of acquittal.

All Justices concurring.

---

4. The penalty is "a fine of not more than $1,000. or by imprisonment for not more than 90 days, or both."