STATE of Maine

v.

Robert L. REED.

Supreme Judicial Court of Maine.

Oct. 14, 1975.

Frank M. Harding, Dist. Atty., Rockland, for plaintiff.

Harmon & Jones by John J. Sanford, Camden, for defendant.

Grossman, Faber & Miller by, A. Alan Grossman, Barry M. Faber, Rockland, for amicus curiae.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WERNICK, Justice.

Approximaely at 12:30 a. m. on September 27, 1974 defendant was walking on Main Street in the City of Rockland, Maine. He was arrested and subsequently charged in District Court, District Six, Division of Knox, with a violation of a Rockland ordinance which provided:

"No person on probation, or parole, from a legal court sentence shall be, or remain, upon any street or public place after 10:00 P.M. standard or daylight savings time (whichever is in effect as the legal time) unless said person is going or coming from his place of employment or as part of the conditions of his probation or. parole. Whoever violates this section of this ordinance shall be punished by a fine of not less than $25.00 and not more than $100.00 or by imprisonment for not more than 30 days, or both such fine and imprisonment."

Under Rule 40 D.C.Crim.R. the case was transferred to the Superior Court (Knox County). There, defendant filed a motion to dismiss the complaint on the grounds: (1) the City of Rockland ". . . exceeded its authority in enacting the ordinance" and (2) the ordinance is invalid because "it violates the Constitution of the State of Maine . . . [and] the Constitution of the United States."

On October 16, 1974 the attorney for the State and defendant's attorney signed an agreement to have the case reported to the Law Court pursuant to Rule 37A, M.R. Crim.P. The attorneys submitted an Agreed Statement of Facts establishing, inter alia, that the ordinance was in effect at all relevant times, defendant had been pa-

roled from a legal sentence to the Men's Correctional Center on May 23, 1974 and defendant was on Main Street in Rockland at 12:30 a.m. on September 27, 1974 while he was a parolee as aforesaid and was neither going to or from his place of employment nor on the Street as part of the conditions of his parole.

The Justice presiding in the Superior Court entered an order reporting the case to the Law Court pursuant to Rule 37A M.R.Crim.P. Asking the Law Court for a decision "as the rights of the parties may require", the order of report specifically stated that

" . . . if the ordinance . . . is invalid, . . . defendant's motion to dismiss should be granted, thus resulting in a final disposition of this action in favor of the defendant"

and, further,

" . . . if the ordinance . . . is valid, . . . defendant will plead guilty of violation of the ordinance and will be sentenced accordingly; . . . [thus to effect] a final disposition of this action in favor of the State."

■ We deal, preliminarily, with a procedural matter. The agreement for report is signed on behalf of defendant only by defendant's attorney. The record reveals no document signed by the defendant himself waiving defendant's constitutional right to trial by jury or otherwise committing defendant, consistently with constitutional safeguards, to enter a guilty plea. The statement in the order of report that "defendant will plead guilty" must be taken, therefore, to lack legal force to bind the defendant.

This, however, does not defeat the jurisdiction of this Court to entertain the report since under Rule 37A(a) the "report" jurisdiction of the Law Court is properly invoked as to

"any question of law . . . of sufficient importance or doubt . . . provided . . . the decision thereof would in at least one alternative result in a final disposition of the action in favor of the defendant."

For the further guidance of the bench and bar we here repeat the content of footnote 4 of *State v. Bailey*, Me., 286 A.2d 603, 605 (1972) explaining the rationale underlying the proviso in Rule 37A(a) M.R.Crim.P.:

"*State v. Richardson* clearly illustrates that in reporting a criminal case which must be in such posture that Law Court decision thereof will in at least one alternative finally dispose of the action, the *only* allowable alternative must be judgment for the defendant. In *Richardson* the parties in their agreed statement purported to authorize a final decision by the Court in either alternative, but concluding that a remand for adjudication of guilt might be subject to constitutional infirmities, we rejected the purported authorization and remanded for further proceedings not inconsistent with the opinion, thus permitting a trial on the merits below if demanded."

■ Turning to the merits of the instant report, we decide that defendant's motion to dismiss must be granted on the ground that the ordinance at issue contravenes due process of law because it fails to describe in rationally intelligible terms the conduct it purports to make criminal. *Knowlton v. State*, Me., 257 A.2d 409 (1969), *State v. Aucoin*, Me., 278 A.2d 395 (1971).

The ordinance states that the conduct to which criminality is to attach is " . . . [to] be, or remain, upon any street or public place *after 10:00 P.M.* . . . .." (emphasis supplied) "After 10:00 P.M." signifies only the commencement of a time period; it gives no rational guidance as to the closing of the period. There is thus

"no standard of conduct . . . at all" and, as we said in *State v. Aucoin,* supra, quoting from *Connally v. General Construction Company,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926) as quoted in *Coates v. City of Cincinnati,* 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214 (1971):

" . . . 'men of common intelligence must necessarily guess at its meaning.' "

The Rockland ordinance before us is, therefore, on its face a violation of the "due process of law" commands of the Fourteenth Amendment to the Constitution of the United States and Article I, Section 6–A of the Constitution of Maine.

The entry is:

*The motion to dismiss is granted; complaint dismissed.*

All Justices concurring.