Vermont Superior Court
Filed 02/19/25
Environmental Division

VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 24-ENV-00104



| Cote Hill Road Subdivision Permit Determination |
|---|

## ENTRY ORDER

| Title: | Motion to Dismiss or for Judgment on the Pleadings (Motion: 1) |
|---|---|
| Filer: | Tyler Mumley |
| Filed Date: | January 6, 2025 |

No response filed.

**The motion is GRANTED.**

This is an appeal by Hannah Farda of a decision of the Town of Morrisville (Town) Development Review Board (DRB) denying her appeal of a minor subdivision permit issued by the Town Zoning Administrator to Andrea and Tyler Mumley for a two-lot subdivision of property located at 336 Cote Hill Road, Morrisville, Vermont (the Property). Presently before the Court is Mr. Mumley's motion to dismiss Ms. Farda's appeal pursuant to Vermont Rules of Civil Procedure (V.R.C.P.) Rule 12(b)(6) and, in the alternative, for judgment on the pleadings pursuant to V.R.C.P. 12(c). Ms. Farda has not responded to the motion.

In reviewing the motion and filings, the Court also analyzed our subject matter jurisdiction over the appeal. This Court has an "independent obligation to determine whether subject-matter jurisdiction exists" and must consider this issue on our own. See In re Verizon Wireless Barton Permit, No. 133-6-08 Vtec, slip op. at 8 (Vt. Envtl. Ct. May 20, 2009) (Durkin, J.) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514) (2006)). Further, the Court is required to dismiss an action *sua sponte* "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter . . .." V.R.C.P. 12(h).

The scope of this Court's subject matter jurisdiction and our review is confined to those issues that the municipal panel below addressed or had the authority to address when considering the application before the Court. See In re Torres, 154 Vt. 233, 235 (1990) ("The reach of the superior court in zoning appeals is as broad as the powers of the zoning board of adjustment or a planning

commission, but it is not broader."). Thus, the scope of this Court's review is the application for a two-lot subdivision before us. See N. Vermont Rentals, LLC Extension, No. 5-1-17 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Nov. 2, 2017) (Walsh, J.) ("We hear appeals from permit application decisions de novo, sitting in the place of the decision-making body below . . . and determine whether the application should be approved.").

This jurisdictional limitation is related to the prohibition on courts issuing advisory opinions. "Courts are not authorized to issue advisory opinions because they exceed the constitutional mandate to decide only actual cases and controversies." In re Snowstone, LLC Stormwater Discharge Authorization, 2021 VT 36, ¶ 28. As such, the issues presented on appeal "must be a necessary part of the final disposition of the case to which it pertains." Baker v. Town of Goshen, 169 Vt. 145, 151—52 (1999) (citing Wood v. Wood, 135 Vt. 119, 121 (1971)).

Presently before the Court is an appeal of an application for a two-lot subdivision of the Property. The application does not request approval for any construction of any development on either of the lots, nor does it request approval for the use of any such future development on the lots. Ms. Farda asserts through her Statement of Questions that the Mumleys intend to construct a duplex on one of the lots and rent the units to traveling healthcare workers and/or as a short-term rental.[1] She asserts that this use is incompatible with the purpose statement of the HOME Act. For both reasons, she asserts the subdivision permit must be denied. Even assuming each of these allegations are true for the purposes of the pending motion, they are beyond the scope of this subdivision application, and therefore, outside the scope of this Court's subject matter jurisdiction in the pending appeal. There is no application for a duplex before the Court nor is there an application to use such a future duplex for short-term rental.

Before the Court is an application for a two-lot minor subdivision. Construction or use of any construction is not before the Court. The Court is limited in its jurisdiction to consider subdividing the Property and nothing more. The Zoning Administrator and DRB could not have issued a decision as to the potential propriety of the use of any future development not yet proposed, nor can this Court on appeal. The present appeal asks this Court to deny the permit application based on the use of a not-yet proposed duplex. This is not within scope of the application before the Court. The appeal therefore poses issues outside the scope of this Court's jurisdiction and is the appeal must be **DISMISSED**.

---

[1] Ms. Farda's Statement of Questions contains no Question. Instead, it is a narrative paragraph that generally describes her concerns with the Mumley's application. Mr. Mumley strongly disputes these assertions in his motion.

Because we dismiss this appeal on jurisdictional grounds, Mr. Mumley's motion to dismiss or for judgment on the pleadings is **MOOT**.

This concludes the matter before the Court. A Judgment Order accompanies this Entry Order.

Electronically signed this 19th day of February 2025 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Vermont Superior Court, Environmental Division