VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00107



| Corey Acres Rd. Variance & Change of Use Applications |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss Statement of Questions (Motion: #2)

Filer:          Suzanne R. Armor, Esq.

Filed Date:     February 4, 2026

Preliminary and Supplemental Memorandum in Opposition to the Village's Motion to Dismiss, filed by Thomas Lamar Enzor Esq., on March 6, 2026.

Village's Reply to in Support of Motion filed by Suzanne R. Armor Esq., on March 19, 2026.

**The motion is GRANTED IN PART and DENIED IN PART.**

In this matter, Ken Corey & Son, Edward Corey, and Margaret Corey (together, Appellants) appeal a decision of the Village of North Bennington (Village) Development Review Board (DRB) dated October 14, 2025 denying various applications Appellants' submitted for variances under the applicable Village of North Bennington Zoning Regulations (Regulations) related to property having addresses of 158 and 163 Corey Acres Road, North Bennington, Vermont (the Property).  Appellants timely appealed.  The Village now moves to dismiss Appellants' Statement of Questions.

A Statement of Questions is "subject to a motion to dismiss or clarify some or all of the questions."  V.R.E.C.P. 5(f).  When reviewing such a motion, the Court applies the standard set forth in V.R.C.P. 12.  See V.R.E.C.P. 5(a)(2); In re Union Bank, No. 7-1-12 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Nov. 8, 2012) (Durkin, J.).

V.R.C.P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction.  When reviewing such a motion, this Court accepts all uncontroverted factual allegations as true and construes them in the light most favorable to the nonmoving party.  Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

V.R.C.P. 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted.  Such motions are, notably, "disfavored" and "rarely granted."  Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5.  A Rule 12(b)(6) motion may not be granted "unless it is beyond doubt that there

are no facts or circumstances that would entitle the nonmoving party to relief." Id. (internal quotation and citation omitted). In evaluating a motion under V.R.C.P. 12(b)(6), we take the factual allegations asserted by the nonmovant as true, keeping in mind that the purpose of a V.R.C.P. 12(b)(6) motion is to test the law of the claim, not the facts that might go to support it. Richards v. Town of Norwich, 169 Vt. 44, 48-49 (1999); Powers v. Off. of Child Support, 173 Vt. 390, 395 (2002).

This Court is one of limited jurisdiction. Further, with limited exceptions not relevant here, we review appeals de novo. 10 V.S.A. § 8504(h). As such, we hear the case "as though no action whatever has been held prior thereto." Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989). Therefore, we generally do not consider the underlying decision of, or proceedings before, the municipal panel below, "rather, we review the application anew as to the specific issues raised in the statement of questions." In re Whiteyville Props. LLC, No. 179- 12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Dec. 13, 2012) (Durkin, J.). The Statement of Questions before this Court "functions like a pleading to limit the issues that are to be heard on appeal." In re Atwood Planned Unit Dev., 2017 VT 16, ¶ 12 (quotation omitted).[1]

We are further limited "to consideration of the matters properly warned as before the local board." In re Maple Tree Place, 156 Vt. 494, 500 (1991). This means that our subject matter jurisdiction is confined to those issues the municipal panel below had the authority to address when considering the original application. See In re Transtar LLC, No. 46-3-11 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. May 24, 2012) (Durkin, J.). Finally, "Courts are not authorized to issue advisory opinions because they exceed the constitutional mandate to decide only actual cases and controversies." In re Snowstone, LLC Stormwater Discharge Authorization, 2021 VT 36, ¶ 28, 214 Vt. 587. Issues presented on appeal "must be a necessary part of the final disposition of the case to which it pertains." Baker v. Town of Goshen, 169 Vt. 145, 151–52 (1999) (citing Wood v. Wood, 135 Vt. 119, 121 (1977)).

First, the Village moves to dismiss all Questions as untimely filed under V.R.E.C.P. 5(f). "[F]ailure of an appellant to take any step other than the timely filing of the notice of appeal does not affect the validity of the appeal but is ground only for such action as the court deems appropriate." Choquette Zoning Permit Amendment, No. 199-9-08 Vtec, slip op. at 2 (Vt. Envtl. Ct. Jan. 7, 2009)

---

[1] It is for this reason that, to the extent that Appellants assert that their notice of appeal defines the scope of issues presented to this Court, the Court disagrees. While their notice of appeal may define some aspects of the appeal, such as the terms of the decision being appealed and their claims of party status, it is the Statement of Questions that defines the issues to be heard on appeal. In any event, the Court has reviewed the notice of appeal and it is largely consistent with the interpretation provided of the Questions in response to this motion.

(Durkin, J.) (quoting V.R.E.C.P. 5(b)(1)). Thus, it is within the Court's discretion to dismiss an appeal for failure to timely file the Statement of Questions but we will do so only when the circumstances deem such action appropriate.

The Court declines to exercise its discretion to dismiss the Statement of Questions due to timeliness in this circumstance. It is undisputed that the Questions were untimely. Despite this, because the initial status conference in this matter was continued, the Questions were filed before the initial status conference and before this appeal moved forward in earnest. Thus, the Court will not dismiss the Questions on these grounds.

Next, Appellants raise 6 Questions in their Statement of Questions. They are not numbered consecutively and instead the numbers correspond to a series of application numbers Appellants submitted below. Two of those Questions, Questions 5 and 10, withdraw appeals of two of the permit applications; these statements are not questions. The Court interprets these statements and the lack of objection to the pending motion as affirmative withdrawals of the appeals related to permit applications numbers 5 and 10. Thus, statements 5 and 10 are **DISMISSED**.

The remaining Questions ask:

> 1. Whether or not movement of the Rope Gate to Lot 153 all the way back onto Appellant's Property resolves the issue pertaining to this Appeal. If the movement of the Rope Gate resolves the issue then the appeal of this permit is withdrawn.
>
> . . .
>
> 6. Whether or not the continued use over the 18 years under the authority of a Certificate of Occupancy nullifies any challenge from the Village of North Bennington to this use.
>
> . . .
>
> 11. Whether or not the Pond Work is sufficient and has brought the Pond Area into compliance with the Permit requirements.
>
> 12. Whether or not the Zoning Administrator had approved this Permit Application prior to the DRB hearing. This permit was not brought up or discussed at the DRB meeting.

Statement of Questions (filed Jan. 13, 2026).

The Court first notes that each of the Questions, as posed, present problems. None of the Questions cite to any provision of the Regulations, nor do they connect any of the issues raised to a provision of the Regulations or standard applicable to the underlying variance application. Thus, at a minimum, even if the Court were not to grant the pending motion, the Questions would require substantial clarification and revision.

**Question 1**

Question 1 asks whether the relocation of a rope gate "resolves the issues pertaining to this appeal." The Court is confused by this Question and how it relates to the appeal before the Court, which concerns an application related to several structures, improvements, and materials beyond the rope gate. In response to the pending motion Appellants offer no clarification on the Question.

As written and without any further guidance from Appellant, this Question requests an advisory opinion. It asks whether some activity related to the rope gate outside of the application process renders the need for the permit resolved. The scope of this appeal is limited to the application that was submitted to the Village below. Transtar, No. 46-3-11 Vtec, slip op. at 4 (May 24, 2012) (Durkin, J.). What Appellant may have done relative to the rope gate outside of this application is unrelated to the determination of whether the application should be approved or denied. Thus, the Question requests an advisory opinion and must be **DISMISSED**.

In reaching this conclusion, the Court notes that Appellants assert in response to the pending motion that Question 1 should be withdrawn because "issues related to this Application have been resolved." The Village appears to dispute whether the issues raised in this Question are resolved. Because the Question must be dismissed as outside the scope of the Court's jurisdiction, the Court need not address the parties' disagreement of whether the Question is resolved.

**Questions 6 and 11**

Question 6 asks whether "the continued use," presumably of the Property, pursuant to a Certificate of Occupancy "nullifies any challenge" to the use. Question 11 asks whether "pond work" complies with certain permit requirements. In response to the motion, Appellant asserts that the issue raised in these Questions concern the scope and applicability of a 2006 settlement agreement between the Village and Appellants and the sufficiency of work at the Property pursuant to this agreement.

Again, this is an appeal of various variance permit applications. Neither Question as written nor as explained in response to this motion addresses whether the underlying permit applications comply with the applicable Regulations. Nor does either Question as posed or explained appear to assert that the underlying permit applications should be granted for any expressed reasons. Instead, Appellants argue compliance with the 2006 agreement, in full or in part.

It is outside the scope of this Court's jurisdiction in this appeal of variance applications to rule upon whether some other activity on the Property complies with or is otherwise appropriate pursuant

to an agreement between the parties, where the agreement is not before the Court and was entered into approximately 20 years ago. Thus, Questions 6 and 11 are **DISMISSED**.[2]

### Question 12

Finally, Question 12 asks whether the Village's Zoning Administrator approved the underlying permit application prior to the relevant DRB hearing. The Village moves to dismiss Question 12 as incorrectly stating the standard of review in this case because it asks the Court in a de novo appeal to review the actions taken below by the Zoning Administrator and/or the DRB.

Appellant provides no response to the pending motion in this regard. In the absence of more information, it is unclear if the Question as phrased poses a matter that is inappropriate for the Court's de novo review or an issue with the application's review that may impact the Court's jurisdiction. For example, it is unclear if the Question asserts that the DRB did not have the authority to rule upon the underlying application; a situation that would impact this Court's jurisdiction on appeal. In this context, the Court will not dismiss the Question as posed because it is unclear if the Question offends the Court's de novo review.

To the extent that it does not, however, the Court **DENIES** the Village's motion. The Question is unclear. Appellant is directed to file a clarified Question 12 as set forth below.[3]

### Conclusion

Thus, the Village's motion to dismiss Appellants' Statement of Questions is **GRANTED IN PART** and **DENIED IN PART**. For the foregoing reasons, the Village's motion to dismiss Questions 1, 6, and 11 is **GRANTED**. Questions 5 and 10 are **DISMISSED** by voluntary withdrawal. The Village's motion to dismiss Question 12 is **DENIED**.

On or before **Tuesday, April 14, 2026**, Appellants are directed to file a clarified Question 12 providing an understanding of how this issue relates to the matter pending before the Court and this Court's jurisdiction as defined herein. If no clarified Question is filed on or before that date, the Question will be dismissed.

---

[2] As with Question 1, Appellant asserts in response to the pending motion that the issues related to Question 11 are resolved. Again, the Village disputes this assertion. Because we grant the Village's motion to dismiss the Question on jurisdictional grounds, the Court does not address this dispute.

[3] The Court issues no opinion at this time whether it would have jurisdiction over a rephrased or clarified Question 12.

The Court will set this matter for a status conference for a date after April 14 to discuss how to marshal this case towards resolution.

Electronically signed March 31, 2026 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division